## McCRAY v. SAPULPA PETROLEUM CO. et al.

Circuit Court of Appeals, Eighth Circuit. February 16, 1929.

### No. 8418.

F. E. Riddle, of Tulsa, Okl., for appellant.

Silverman & Rosenstein, of Tulsa, Okl., for appellees.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

PER CURIAM. This is the fourth appeal in litigation arising out of the controversy between appellant and Sapulpa Petroleum Company and receivers of its property. The district court of Creek county, Okl., appointed a receiver for a part of the petroleum company's property, and in a suit brought by McCray against that company in the court below he obtained the appointment of a receiver for other parts of its property. A history of the litigation is found in Sapulpa Petroleum Co. v. McCray (C. C. A.) 4 F.

438

(2d) 645; Fulp v. McCray (C. C. A.) 21 F. (2d) 951; and McCray v. Sapulpa Petroleum Co. (C. C. A.) 21 F.(2d) 953. We held that the receivership obtained by McCray, in which one Knox was appointed receiver for part of the petroleum company's property, was improvidently obtained and made, and that the court below erred in taxing the costs of that receivership against the petroleum company, and that they should be taxed against McCray. In the Fulp Appeal we reversed the order of the court below in that respect as to an allowance made to Knox as receiver, and said: "The judgment and order of the trial court should be reversed, and the case remanded for appropriate action upon the part of the court to require Knox or McCray to account to appellant for any amounts received by Knox as fees in such receivership." On receipt of that mandate the court below complied and taxed against McCray $3,200, which had in the order appealed from by Fulp been taxed against the estate of the petroleum company, and it was ordered that McCray account to Fulp, the receiver who had been appointed in the state court, for the $3,200. It was also ordered that $1,600 that had been paid to the attorney of Knox as receiver should also be accounted for by McCray to Fulp, and that he pay over both of said sums, with interest thereon from dates named, to Fulp. Thereupon McCray brought this appeal. We think it wholly without merit. Appellees move that it be dismissed on the ground that it is being prosecuted solely for the purpose of attempting to evade and delay compliance with the opinion and mandate of this court issued on the Fulp Appeal. The motion is in our judgment well taken, and we think our rule 30 should be applied and enforced. We therefore direct that 5 per cent. on the $4,800 be assessed as damages against appellant in favor of appellees, to be collected with and as part of the said principal sums.

The mandate may issue forthwith.