John L. JONES, Petitioner-Appellant, Cross Appellee,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee, Cross Appellant.

Nos. 81–1105, 81–1053.

United States Court of Appeals, Sixth Circuit.

Sept. 2, 1982.

John L. Jones, pro se.

N. Jerold Cohen, Chief Counsel, Internal Revenue Service, George M. Sellinger, Tax Litigation Div., John F. Murray, Lead

---

Counsel, Michael Paup, Gilbert S. Rothenberg, William P. Wang, Dept. of Justice, Tax Div., Washington, D. C., for C. I. R.

Before KENNEDY and KRUPANSKY, Circuit Judges, and RUBIN,* District Judge.

### ORDER

Petitioner appeals from a decision of the Tax Court which determined a deficiency in his federal income tax for 1977. The respondent cross-appeals from the determination which was termed a "net deficiency" rather than the statutory deficiency as defined in 26 U.S.C. § 6211(a). This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs, record and appendix, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

In its decision, the Tax Court rejected petitioner's argument that his wages were paid in "depreciated bank notes" not backed by gold or silver specie and, thus, were not subject to the income tax. This claim is clearly without merit and has been rejected in numerous opinions. E.g., *United States v. Whitesel*, 543 F.2d 1176 (6th Cir. 1976), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977). Therefore, to the extent that the Tax Court's decision holds petitioner's deduction was correctly disallowed and he owes a deficiency for 1977, it is affirmed.

The respondent's challenge addresses an ambiguity in the Tax Court's opinion. The respondent found a statutory deficiency as that term is defined in 26 U.S.C. § 6211(a)(1) of $6,690.08. An addition to the tax of $98.27 was also made. The Court agreed with this determination, but subtracted the amount of federal taxes which had been withheld from petitioner's wages to ascertain a net deficiency of $1,965.34. The final decision used the term deficiency

without further explanation. Because the precise meaning of the decision remains unclear,

It is ORDERED that the decision of the Tax Court be affirmed in part, Rule 9(d)3, Rules of the Sixth Circuit, and vacated in part and the decision is remanded to the Tax Court for entry of a decision finding a statutory deficiency under Section 6211(a)(1) of $6,690.08 with an addition to the tax of $98.27. Rule 9(d)4, Rules of the Sixth Circuit.