MARKEY, Chief Judge.
 

 Appeal from a judgment of the United States Claims Court dismissing the complaint of Robert Boris Beachboard (Beach-board) for lack of jurisdiction. We
 
 affirm
 
 and impose a
 
 sanction.
 

 Background
 

 In December, 1979, Beachboard sued the government in the United States District Court for the District of Columbia. After a series of dismissals and refilings, Beach-board’s complaint was dismissed with prejudice on September 30, 1981. Beachboard appealed to the United States Court of Appeals for the District of Columbia, which affirmed without opinion.
 
 Beachboard v. Bell,
 
 684 F.2d 1031 (D.C.Cir.1982). The government’s bill of costs for $68.00 was served on Beachboard on June 18, 1982. Beachboard made no objection. Costs in the amount of $54.40 were assessed by the Clerk of the Court of Appeals on July 28, 1982. On November 1, 1982, Beachboard filed a motion to strike the award. That motion was denied on December 7, 1982. Beachboard then sought to file a motion requesting the court
 
 in banc
 
 to strike the award. The court denied leave to file that motion on March 1, 1983.
 

 Beachboard filed a complaint in the Claims Court on June 1, 1983, seeking a judgment declaring that he was not liable for payment of the award. Beachboard paid the $60.00 filing fee on the same day, and on that day the Claims Court
 
 sua sponte
 
 dismissed the complaint because it fell “clearly outside the court’s jurisdiction”.
 

 Undaunted, Beachboard filed a notice of appeal, paid this court’s $70.00 filing fee, prepared and filed a brief, and argued the case.
 

 Issues
 

 (1) Whether the Claims Court erred in dismissing the complaint for lack of jurisdiction.
 

 (2) Whether this appeal is frivolous.
 

 
 *1094
 
 OPINION
 

 (1) Claims Court Jurisdiction
 

 Jurisdiction of the Claims Court is set out in 28 U.S.C. § 1491 (Supp V 1981), as
 
 amended by
 
 Federal Courts Improvement Act of 1982, Pub.L. No. 97-164, § 133(a), 96 Stat. 25, 40. Nothing in the language of that statute purports to give the Claims Court jurisdiction of this complaint for a declaratory judgment. That the Court of Claims had no jurisdiction to issue declaratory judgments was established by the Supreme Court in
 
 United States v. King,
 
 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1968). Exceptions to that general rule require a statute specifically waiving sovereign immunity and authorizing declaratory judgments.
 
 See,
 
 e.g. § 7428(a)(1) of the Internal Revenue Code; 28 U.S.C. § 1491(aX3). Neither Beachboard’s effort to analogize the Claims Court with the Tax Court, nor his citations to legislative history and cases dealing with such specifically authorizing statutes can supply the necessary grant of jurisdiction in the present wholly unrelated circumstances.
 
 United States v. Sherwood,
 
 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941) (statutes waiving sovereign immunity must be strictly construed).
 
 See, Computer Wholesale Corp. v. United States,
 
 214 Ct.Cl. 786, 566 F.2d 1189 (1977).
 

 Beachboard argued in his brief and at oral argument that an award of costs to the government is improper. That is not the issue. We deal here with the jurisdiction of the Claims Court, not the propriety of the award of costs by the Court of Appeals for the District of Columbia.
 

 (2) Frivolous Appeal
 

 Beachboard stated at oral argument that he brought this appeal to cause a change in the law. Changes in the law, absent a true case or controversy, are the province of the Congress, not the judiciary. It is conceivable that one with but a very small personal stake in the outcome may argue in good faith that time and circumstances dictate a change in the law. There is no basis for finding that good faith here.
 

 Having failed to timely object to the bill of costs, to timely file a motion to strike, and to obtain
 
 in banc
 
 consideration of his motion to strike, Beachboard pursued the matter collaterally by suing in the Claims Court and appealing here. Beachboard has thus had: (1) consideration and dismissal of his complaints in the District Court; (2) an affirmance of that dismissal by the Court of Appeals; (3) a neglected opportunity to object to costs; (4) review of his motion to strike; (5) review of his request for
 
 in banc
 
 consideration of his motion to strike; (6) dismissal of his complaint seeking a declaratory judgment; and (7) review of that dismissal. Enough is enough.
 

 Beachboard’s brief reflects an acquired affinity for legal research. Even the most unsophisticated researcher untrained in law would with little effort find the authorities establishing the lack of jurisdiction here of the Claims Court. If perchance those authorities were missed, a researcher would recognize the
 
 res judicata
 
 effect of the denials by the Court of Appeals of the motion to strike.
 
 Montana v. United States,
 
 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).
 

 That a small amount is involved does not alone require a finding that an appeal is frivolous. Nonetheless, the amount to be gained may be weighed against the cost and probability of obtaining it as one factor. The amount here involved is $54.40. That amount was assessed and reaffirmed twice by the Court of Appeals. Against that amount must be balanced the very substantial costs to the taxpayers in defending and considering Beach-board’s efforts to delay its payment.
 
 See McCray v. Sapulpa Petroleum Co.,
 
 31 F.2d 437 (10th Cir.1929). Moreover, devotion of substantial quantities of scarce resources by the Department of Justice and the Courts subtracts from those available to Beach-board’s fellow citizens, in whose interests as potential cost-payers he purports to act. The amount of $54.40 must also be balanced against the zero probability of success before this court in an appeal of a dismissal where the trial court clearly lacked jurisdic
 
 *1095
 
 tion.
 
 See Simon & Flynn, Inc. v. Time Inc.,
 
 513 F.2d 832, 185 USPQ 325 (2d Cir.1975).
 

 To delay a court-required payment of $54.40, Beachboard paid $130.00 in filing fees in the Claims Court and this court, and spent time and money preparing and filing briefs. At oral argument he said he has “several cases pending”. The unescapable conclusion is that Beachboard is engaged on this appeal in “recreational” litigation, misusing precious and limited resources better spent on meritorious claims of his fellow citizens to whom those resources belong. The present appeal is frivolous.
 

 Beachboard was made aware when he docketed this appeal of this court’s opinion in
 
 Asberry v. U.S. Postal Service,
 
 692 F.2d 1378, 215 USPQ 921 (Fed.Cir.1982) in which it was stated that damages and costs would be awarded in acordance with Rule 38 Fed. R.Civ.P. against those who filed or proceeded with frivolous appeals.
 
 See also, Connell v. Sears, Roebuck & Co.,
 
 722 F.2d 1542, 220 USPQ 193 (Fed.Cir.1983).
 

 DECISION
 

 The Claims Court correctly dismissed the complaint for lack of jurisdiction.
 

 Beachboard shall pay to the government an amount equal to twice its costs on this appeal and damages in the amount of $200.00.
 

 AFFIRMED — COSTS AND DAMAGES AWARDED.