**Louis J. ZUGER, Plaintiff–Appellant,**

**v.**

**The UNITED STATES,
Defendant–Appellee.**

**No. 87–1357.**

United States Court of Appeals,
Federal Circuit.

Dec. 7, 1987.

Louis J. Zuger, pro se.

Michael L. Paup, of the Dept. of Justice, Washington, D.C., submitted for defendant-appellee. With him on the brief were Michael C. Durney, Acting Asst. Atty. Gen., David English Carmack and B. Paul Klein, Washington, D.C.

Before DAVIS, NEWMAN and ARCHER, Circuit Judges.

DAVIS, Circuit Judge.

Zuger appeals from a decision of the Claims Court (Yock, J.) dismissing this suit, both for lack of jurisdiction and also on the merits. The complaint states the bizarre claim that, after the shift away from the gold standard, plaintiff was paid in Federal Reserve notes which are not "real money," and therefore he never received any payment for his labor and accordingly owed nothing in taxes and should now receive his wages in "real money." He seeks $295,-139.15.

In a *sua sponte* order, the Claims Court held that there was no jurisdiction over the case because (a) there was no express contract between Zuger and the United States that he would be paid in "real money" (i.e., gold-backed currency); (b) the Claims Court has no jurisdiction over contracts implied-in-law; (c) if this is a claim for refund of income taxes, plaintiff filed no claim for administrative refund; and (d) in any event, there is no merit to the claim which has uniformly been rejected.

The Claims Court's rulings were obviously correct, both as to jurisdiction and as to the merits. On the latter question, Zuger's position has been regularly rejected by a host of cases.[1]

This is a manifestly frivolous appeal which never should have been taken.[2] There was no arguable way of confronting Judge Yock's indisputable holdings that his court had no jurisdiction, and, as we have noted, Zuger's substantive position has been universally rejected by many courts. Zuger himself appears to be a veteran "tax protester." He was convicted in the District of Connecticut of willfully failing to file income tax returns, and the Second Circuit characterized his appeal from that conviction "as completely frivolous." He has thus had fair warning that he cannot attack the federal tax and monetary system by abusing the courts.

Accordingly, we impose, under Rule 38, Federal Rules of Appellate Procedure, a sanction of $500 against Zuger. We also warn that we shall likewise impose sanctions in any future "tax protester" case in which the appeal is frivolous and an unwarranted burden on the court and the Government.

AFFIRMED AND SANCTION IMPOSED.

---

1. *E.g., Jones v. Commissioner,* 688 F.2d 17, 18 (6th Cir.1982); *United States v. Rickman,* 638 F.2d 182, 184 (10th Cir.1980); *Birkenstock v. Commissioner,* 646 F.2d 1185, 1186–87 (7th Cir. 1981); *United States v. Moon,* 616 F.2d 1043, 1047–48 (8th Cir.1980); *Mathes v. Commissioner,* 576 F.2d 70 (5th Cir.1978), *cert. denied,* 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979); *United States v. Whitesel,* 543 F.2d 1176 (6th Cir.1976), *cert. denied,* 431 U.S. 967, 97 S.Ct. 2924, 53 L.Ed.2d 1062 (1977); *United States v. Schmitz,* 542 F.2d 782 (9th Cir.1976), *cert. denied,* 429 U.S. 1105, 97 S.Ct. 1134, 51 L.Ed.2d 556 (1977).

2. In a plainly frivolous claim of this type, Judge Yock was warranted in dismissing the complaint at once rather than waiting for a motion to dismiss from the Government.