976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wallys T. DENNIS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5003.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1992.
 
 Before RICH, CLEVENGER, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Wallys T. Dennis (Dennis) appeals from the July 29, 1991 order of the Claims Court, No. 91-1098T, dismissing her suit to recover monies collected by the Internal Revenue Service (IRS) for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Dennis brought this suit in the United States Claims Court seeking to set aside an IRS levy on her bank accounts and to recover amounts collected pursuant to the levy. Dennis asserted that the levy arose out of a 1986 joint federal tax return that was allegedly filed by her husband without her consent or knowledge and on which he had allegedly forged her signature. The Claims Court dismissed Dennis's action for lack of jurisdiction. The Claims Court rejected Dennis's argument that her suit could be maintained as one based on an implied contract under 28 U.S.C. 1491, as construed in Kirkendall v. United States, 31 F.Supp. 766 (Ct.Cl.1940), and Gordon v. United States, 649 F.2d 837 (Ct.Cl.1981), because the section is not applicable to Dennis, the person against whom the tax was assessed. For the same reason, the Claims Court held that Dennis's suit could not be maintained under the wrongful levy remedy afforded to third parties under section 7426 of the Internal Revenue Code, 26 U.S.C. 7426. Finally, the Claims Court held that its jurisdiction arises only in the context of a tax refund suit by a taxpayer under 26 U.S.C. 7422. However, such a suit could not be maintained here because Dennis failed to file an administrative claim for refund which is a jurisdictional prerequisite for such a suit.
 
 
 3
 On appeal, Dennis vigorously argues that the Claims Court misinterpreted the meaning of the term "assessed" used in 26 U.S.C. 7426 and, because her signature on the 1986 tax return was forged by her husband, erroneously found that she was the person against whom taxes were assessed. Section 7426 provides in relevant part as follows (emphasis ours):
 
 
 4
 (a) Actions permitted--
 
 
 5
 (1) Wrongful levy--If a levy has been made on property * * *, any person (other than the person against whom is assessed the tax out of which such levy arose ) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States ....
 
 
 6
 ....
 
 
 7
 (c) Validity of Assessment--For purposes of an adjudication under this section, the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid.
 
 
 8
 Under the express terms of the statute, the Claims Court lacks jurisdiction over Dennis's claim because the statute gives jurisdiction only to a district court of the United States. Furthermore, the section does not apply to persons against whom the tax that has been collected was assessed. Although Dennis contests the validity of the assessment, she acknowledges that it is listed against her and, pursuant to section 7426(c), such assessment is conclusively presumed to be valid.
 
 
 9
 There is also no jurisdiction in the Claims Court under 28 U.S.C. 1491, as construed by the Court of Claims in Kirkendall and Gordon which recognize a cause of action similar to a wrongful levy action based on a finding of an implied-in-fact contract. To the extent that such a remedy exists,[1] it--like the wrongful levy remedy--is available only to those who have not been assessed a tax. See Economy Plumbing & Heating Co. v. United States, 470 F.2d 585, 589-590 (Ct.Cl.1972).
 
 
 10
 As the Claims Court held, Dennis's remedy is to bring a refund suit under 26 U.S.C. 7422. However, Dennis failed to fulfill the jurisdictional prerequisites for such a suit which include the filing of an administrative claim for refund. Zuger v. United States, 834 F.2d 1009, 1010 (Fed.Cir.1987). Accordingly, we affirm the Claims Court's dismissal for lack of jurisdiction.
 
 
 
 [1]
 Although Gordon, 649 F.2d at 843, states that Kirkendall has not been affected by the subsequent enactment of section 7426, a number of courts have held that section 7426 provides the exclusive remedy for nontaxpayers seeking a return of funds seized by levy. See Texas Commerce Bank of Fort Worth, N.A. v. United States, 896 F.2d 152, 156 (5th Cir.1990); Trust Co. of Columbus v. United States, 735 F.2d 447, 448 (11th Cir.1984); Rosenblum v. United States, 549 F.2d 1140, 1144-45 (8th Cir.), cert. denied, 434 U.S. 818 (1977)