David K. **SCHAFER**, Petitioner,

v.

**DEPARTMENT OF The INTERIOR,**
Respondent.

No. 95–3489.

United States Court of Appeals,
Federal Circuit.

June 27, 1996.

cluding notions of fairness, the taxpayer's profit margin, etc.

Edward H. Passman, Passman & Kaplan, P.C., Washington, D.C., argued for petitioner. With him on the brief was Kristin D. Alden.

Laurel A. Loomis, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., argued for respondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Joseph A. Kijewski, Assistant Director.

Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

David K. Schafer petitions for review of the March 29, 1995 award of the arbitrator in FMCS File No. 94–24457. In his award, the arbitrator ruled that the failure of the Department of the Interior, Bureau of Indian Affairs (the "agency"), to renew Schafer's contract as an elementary school teacher was not arbitrable. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

The facts are not in dispute. Schafer was employed with the agency as an educator for nine years. During the 1993–1994 school-year, he served as a contract elementary school teacher at the Zia Day School on the Zia Pueblo Indian Reservation in New Mexico. His 1993–1994 school-year contract (the "1993–1994 contract"), executed in June of 1993, provided for employment from August 17, 1993, to June 3, 1994. The contract stated that "[f]ailure to renew this contract does not constitute termination for cause or for other reasons."[1] The contract further stated that "[t]his contract may be terminated by the school prior to its expiration date in accordance with the rules and regulations of the Office of Indian Education Programs as set forth in 62 BIAM."

Schafer's employment also was governed by the terms of the Joint Negotiated Agreement (the "JNA") between the agency's Albuquerque and Navajo Areas and the National Council of Bureau of Indian Affairs Educators (the "union"). The JNA provides a three-step process for the resolution of educator, union, and management grievances. The JNA also provides that if a party is not satisfied with the outcome of the grievance process, the union or the employer may invoke arbitration, and the agreement sets forth rules governing the arbitration process.

The record reveals that on March 8, 1994, Schafer "was agitated and irritable ..., and [verbally] took his frustrations out on his students."[2] Although Schafer apologized to the students the next day, several parents complained about him to Rosalie Niebes, the Zia Day School's principal. Thereafter, Ms. Niebes spoke with Schafer and interviewed several of his students about what had happened on March 8.

On March 14, the Zia Pueblo School Board held a special meeting. At the meeting, Ms. Niebes described her discussions with parents of Schafer's students and with Schafer, as well as her interviews of the students. After hearing from Ms. Niebes and discussing the matter, the school board instructed Ms. Niebes to tell Schafer not to return to the school. Two days later, the governor of the Zia Pueblo wrote the agency, stating that the Zia Pueblo did not want Schafer "to ever set foot on Zia Pueblo soil again."

Schafer was assigned to an administrative position outside of the Zia Pueblo, where he worked and received full pay until his 1993–1994 contract expired on June 3, 1994. On March 30, 1994, he was formally notified by Ms. Niebes that his contract would not be renewed for the 1994–1995 school year. The notice informed Schafer of his right to request an informal hearing before the Zia Day School Board. Following such a hearing, the school board voted to adhere to its prior decision not to renew Schafer's contract. Schafer was informed of the decision on May 11. During this period, Schafer was also unsuccessful in appealing the nonrenewal of his contract within the agency.

On June 13, 1994, Schafer's union representative sent a memorandum to Ms. Niebes grieving the nonrenewal of Schafer's contract. In the memorandum, the representa-

---

1. The Bureau of Indian Affairs Manual ("BIAM") provides that nonrenewal of the contract of a person employed by the agency as an educator "is not discharge and will not follow the discharge procedures." 25 C.F.R. § 38.8(k) (1994).

2. It has not been alleged that Schafer physically mistreated any of his students.

tive asserted that the school board's action was "purely" due to Schafer's union activities, and that Schafer had not been afforded due process. Ms. Niebes responded, however, that the administrative review process in the matter had been completed. On June 24, the agency issued Schafer an official "Notification of Personnel Action." The notification stated that the nature of the action being taken by the agency was "TERMINATION–INVOLUNTARY," effective June 3, and that the "reason for termination" was that the "school board [had] recommended non-contract renewal." On July 15, the agency's acting superintendent for education, in a letter to Schafer's union representative, confirmed that the administrative review process in the case had been completed, and stated that the matter was non-grievable.

Invoking the arbitration provisions of the JNA, Schafer requested and received a hearing before an arbitrator. Before the arbitrator, the agency argued that Schafer's complaint was a claim of contract nonrenewal and that such a claim was not a "grievance" that was arbitrable under the JNA. The agency asserted that, through the appeal efforts just described, Schafer already had pursued all the remedies available to him to challenge the nonrenewal of his contract. In response, Schafer contended that contract nonrenewal is within the JNA's definition of "grievance" and that his complaint thus was grievable under the JNA. Alternatively, he argued that the agency's action was not a "nonrenewal" of his contract, but was arbitrable as a removal for cause.

The arbitrator noted that, under the JNA, he had "the authority to resolve any questions of arbitrability." After setting forth the terms of Schafer's 1993–1994 contract, the BIAM, the JNA, and the pertinent facts, the arbitrator determined that Schafer was attempting to arbitrate a contract nonrenewal. Consequently, the arbitrator held that Schafer's complaint was not arbitrable because it was not within the JNA's definition of "grievance." The JNA defines "grievance" as "any complaint [ (i) ] by any Educator concerning any matter relating to his/her employment, [or (ii) ] by any Educator, the Union, or Management, concerning the effect of interpretation, or a claim of breach, of the collective bargaining agreement, or any claimed violation, misinterpretation, or misapplication of any law, rule or regulation affecting conditions of employment." Schafer appeals to this court the arbitrator's decision that his complaint is not arbitrable.

## DISCUSSION

### I.

■ Schafer and the agency both take the position that we have jurisdiction to review the arbitrator's award. Jurisdiction, however, "cannot be conferred on this court by waiver or acquiescence." *In re Alappat*, 33 F.3d 1526, 1530 (Fed.Cir.1994) (in banc). We must determine, in each case, whether we have jurisdiction over an appeal. We, of course, "have inherent jurisdiction to determine the scope of our jurisdiction." *Haines v. Merit Sys. Protection Bd.*, 44 F.3d 998, 999 (Fed.Cir.1995).

The statutory provision governing judicial review of an arbitrator's award is 5 U.S.C. § 7121(f) (1994). It states as follows:

In matters covered under sections 4303 and 7512 of [title 5 of the United States Code] which have been raised under the negotiated grievance procedures in accordance with this section, section 7703 of [title 5] pertaining to judicial review shall apply to the award of an arbitrator in the same manner and under the same conditions as if the matter had been decided by the [Merit Systems Protection] Board. In matters similar to those covered under sections 4303 and 7512 of [title 5] which arise under other personnel systems and which an aggrieved employee has raised under the negotiated grievance procedure, judicial review of an arbitrator's award may be obtained in the same manner and on the same basis as could be obtained of a final decision in such matters raised under applicable appellate procedures.

5 U.S.C. § 7121(f).

■ We note at the outset that, under the terms of the statute, the scope of our jurisdiction to review an arbitrator's award is narrower than the scope of our jurisdiction to review a decision of the Merit Systems

Protection Board. Section 7703 of title 5 provides that "[a]ny employee . . . adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision." 5 U.S.C. § 7703(a)(1) (1994). The statute further provides that, except in the case of discrimination claims, "a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1). In short, we have broad jurisdiction over Board decisions. 5 U.S.C. § 7121(f), on the other hand, grants us a narrower jurisdiction in the case of arbitrators' awards. We may review an arbitrator's award only if the matter appealed is one "covered under" 5 U.S.C. § 4303 (1994) or 5 U.S.C. § 7512 (1994). In short, we do not have jurisdiction over all cases in which an employee is adversely affected by an arbitrator's award in the same manner that we generally do in the case of a final order or decision of the Merit Systems Protection Board.

■ In order for us to determine whether we have jurisdiction over Schafer's appeal, we must decide whether, in the words of § 7121(f), Schafer's case involves a "matter[ ] covered" under 5 U.S.C. § 4303 or 5 U.S.C. § 7512. Section 4303 covers reductions in grade and removals for unacceptable performance. Section 7512 covers enumerated adverse actions, including removals. Schafer does not suggest that he was removed for unacceptable performance. Thus, in determining our jurisdiction, we need only decide whether Schafer was "removed" under § 7512.

Schafer contends that the agency's nonrenewal of his contract was actually a "removal for cause." In making this argument, he asserts that "but for" his actions on March 8, 1994, he still would be employed by the agency. He also directs our attention to the fact that the notification of personnel action he received from the agency contained the words "TERMINATION–INVOLUNTARY."

Our analysis necessarily begins with an examination of the framework within which Schafer's employment existed. Schafer was employed as a contract employee. His contract was for one-year, expiring at the end of the school year (June 3, 1994). The contract provided that "failure to renew this contract does not constitute termination for cause or for other reasons." It is uncontested that Schafer remained employed by the agency until his contract expired, and that he received full pay until the contract expiration date. Significantly, nothing in the contract obligated the agency to renew Schafer's employment. Schafer's employment also was governed by the JNA. Schafer points to nothing in the JNA which obligated the agency to renew his contract. Neither does the JNA provide that the failure to renew a contract such as Schafer's is a removal. Finally, as seen above, a regulation governing education personnel employed by the agency provides that nonrenewal of an educator's contract "is not discharge and will not follow the discharge procedures." 25 C.F.R. § 38.8(k) (1994).

Schafer asserts, though, that he had a property right in continued employment with the agency sufficient to give rise to procedural due process protection under the Due Process Clause of the Fifth Amendment. The Supreme Court has explained, however, that when an employment contract between an individual and a government entity specifically provides that employment will end on a certain date, and makes no provision for renewal, the person seeking to show a property interest sufficient to give rise to procedural due process protection must demonstrate that something beyond the contract, e.g., a statute, rule, or policy, secures the person's interest in re-employment or creates a legitimate claim to re-employment. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Schafer has pointed to nothing beyond his contract that secured his interest in re-employment with the agency or that created a legitimate claim to re-employment.

Thus, neither Schafer's contract, the JNA, nor the Due Process Clause of the Fifth Amendment provided Schafer with a basis for claiming a legal entitlement to employ-

ment with the agency after June 3, 1994. Schafer worked to the end of his contract's term, and then his contract simply was not renewed. Schafer cannot successfully argue that he was "removed" from employment that he did not hold and had no legal right to hold. Thus, as a matter of law, he was not "removed" from agency employment under § 7512. This conclusion is not altered by the fact that the events of March 8 may have precipitated the non-renewal of Schafer's contract. Neither is it altered by the fact that the notification of personnel action Schafer received on June 24, 1994 recited that Schafer was being separated involuntarily.

■ The consequence of the conclusion that Schafer was not removed from his position is that we lack jurisdiction over the merits of his appeal. The reason is that 5 U.S.C. § 7121(f) is our "sole jurisdictional grant for review of an arbitrator's award." *Burke v. United States Postal Service*, 888 F.2d 833, 834 (Fed.Cir.1989). In that regard, as already discussed, section 7121(f) refers to "matters covered" under 5 U.S.C. §§ 4303 and 7512, neither of which makes any reference to contract nonrenewals. In short, because the agency's action was not a "removal," this case is outside the reach of § 7121(f), the only statute through which we may exercise jurisdiction over an appeal of an arbitrator's award.[3] Accordingly, we hold that we do not have jurisdiction to adjudicate the merits of Schafer's appeal.

The dissent argues with some cogency that a more correct explanation would be that we have subject matter jurisdiction over Schafer's appeal, but that he fails to state a claim on which relief may be granted, that is, he fails to allege facts that show he was "removed."

■ As a general proposition we agree with the dissent that in those subject areas in which we have an established jurisdiction, the failure of a particular appellant to allege facts sufficient to entitle the appellant to relief, if the facts are proven, is a failure to state a claim on which relief may be granted. Such a failure does not go to this court's jurisdiction over the subject matter of the cause. However, in this particular instance, because we do not have an established jurisdiction over the arbitral award, and the case comes to us only under the special provisions of a unique jurisdiction-granting statute, § 7121(f), we deem Schafer's failure to allege a removal which would be covered under § 7512 to go to the issue of subject-matter jurisdiction. As a practical matter, in this particular case the outcome would appear to be the same under either analysis.

## II.

In addition to appealing to this court, Schafer sought to challenge the arbitrator's award before the Federal Labor Relations Authority ("FLRA").[4] In his brief before us

---

3. It is true, as Schafer points out, that Congress amended 5 U.S.C. § 7511(a) in 1990 to bring certain individuals in the excepted service, including teachers employed by the Bureau of Indian Affairs, within the definition of "employee" for the purposes of chapter 75 of title 5. Civil Service Due Process Amendments of 1990, P.L. 101–376, 104 Stat. 461 (1990); *see* H.R.Rep. No. 328, 101st Cong., 2d Sess. 3 (1990), *reprinted in* 1990 U.S.C.C.A.N. 695, 697 (the bill applies to, among others, "teachers ... employed by the ... Bureau of Indian Affairs"). The legislative history of the amendment explains that Congress intended that the amendment extend certain procedural rights to such teachers. H.R.Rep. No. 328, at 3–4, 1990 U.S.C.C.A.N. at 697–98. Schafer does not, however, point to anything in those amendments indicating that Congress intended that non-renewals of such teachers' contracts be considered "removals" under § 7512. We note also that, in 1994, Congress re-enacted the provision excepting such teachers from the sections of

the United States Code "relating to the appointment, promotion and removal of civil service employees." *See* Improving America's Schools Act of 1994, Pub.L. No. 103–382, § 1132(a)(1), (n), 108 Stat. 3518, 4002, 4008 (1994) (codified at 25 U.S.C. § 2012(a)(1), (n) (1994)).

4. Section 10 of the JNA provides for the taking of exceptions from an arbitrator's award. It states:

A. Either Party may seek judicial review of the arbitrator's decision on matters which could have been appealed to the Merit Systems Protection Board within 30 days of the issuance of the decision. Such review will be sought in accordance with the provisions of Section 7703 of Title [5 of the United States Code].

B. Either Party may file an exception with the Federal Labor Relations Authority to the arbitrator's award in any matter other than those described in subsection [A] above. Such

Schafer explains that the FLRA ordered him to show cause why his appeal "should not be dismissed because the award relates to a matter, the removal (discharge) of an employee, over which the [FLRA] lacks jurisdiction." Schafer also explains that he moved for a stay of his FLRA appeal pending this appeal. Schafer has not informed us as to the disposition of his stay motion.

■ Under 28 U.S.C. § 1631 (1994), whenever an appeal is filed with "a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such ... appeal to any other such court in which the ... appeal could have been brought at the time it was filed or noticed." However, assuming Schafer could have brought this appeal before the FLRA at the time that it was filed and that a transfer of the case to the FLRA would be in the interest of justice, matters which we do not decide, we still could not transfer the case to the FLRA under § 1631. Section 1631 empowers us to transfer appeals only to "courts." Administrative bodies such as the FLRA are not included within the applicable definition of "courts." *See* 28 U.S.C. § 610 (1994) (defining "courts"); *see also Amos v. United States*, 22 Cl.Ct. 724, 734 (1991) (holding that administrative bodies are not included within the definition of "courts" under § 610). In short, transfer of this case to the FLRA is not an option that is available to us.

## CONCLUSION

For the foregoing reasons, Schafer's appeal is dismissed for lack of jurisdiction.

## COSTS

Each party shall bear its own costs.

*DISMISSED.*

**EDWARD S. SMITH**, Senior Circuit Judge, concurring and dissenting.

I concur with the majority's conclusion that the agency's decision not to renew Mr. Schafer's contract is not a "removal" under 5

exceptions must be filed within 30 days of the issuance of the decision in accordance with Authority procedures. If no exception is filed,

U.S.C. § 7512. However, I respectfully dissent from the majority's disposition of this case as a dismissal for lack of jurisdiction. I conclude we have appellate jurisdiction to review the arbitrator's award *to the extent* Mr. Schafer asserts a non-frivolous claim he was "removed" under § 7512. Upon invoking jurisdiction under 5 U.S.C. § 7121(f), our concluding Mr. Schafer was not "removed" is a decision on the merits.

### Confusion Regarding Subject Matter Jurisdiction

Our recent decisions seek to distinguish between lack of subject matter jurisdiction and failure to state a claim, a decision on the merits, noting inconsistencies among our prior decisions. *See, Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed.Cir. 1996); *Gould Inc. v. United States*, 67 F.3d 925, 929–30 (Fed.Cir.1995); *Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 686–89 (Fed.Cir.1992); *Do–Well Machine Shop, Inc. v. United States*, 870 F.2d 637, 639–40 (Fed.Cir.1989). We commented,

> The distinction between lack of jurisdiction and failure to state a claim upon which relief can be granted, is an important one: "[T]he court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy. Jurisdiction, therefore, is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."

*Do–Well*, 870 F.2d at 639–40 (citing *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)). In *Spruill*, we explained, "[w]hile the practical result of a dismissal for want of jurisdiction may in some cases be the same as a dismissal for failure to state a claim, the legal consequences can be substantially different" such as the application of *res judicata. Spruill*, 978 F.2d at 687 n. 10.

Federal courts are not strangers to the confusion surrounding subject matter jurisdiction versus a decision on the merits, espe-

the arbitrator's decision and remedy shall be effected.

cially federal question jurisdiction where courts navigate through a raging sea of confusion. The Second Circuit recently commented,

> Generations of jurists have struggled with the difficulty of distinguishing between Rules 12(b)(1) [lack of jurisdiction] and 12(b)(6) [failure to state a claim] in federal question cases, described by Judge Friendly as a "lesson [that] has been taught as often in decision as it has been ignored in argument and dicta."

*Nowak v. Ironworkers Local Fund,* 81 F.3d 1182, 1188 (2d Cir.1996). Further confusion arises where jurisdiction is not only predicated upon a party asserting a federal question, but upon a party asserting a federal question within a limited subset of federal questions. That is the situation in the instant case where Mr. Schafer asserts he was "removed" which is one of the matters "covered under" 5 U.S.C. §§ 4303 and 7512 within our appellate jurisdiction pursuant to 5 U.S.C. § 7121(f). We may successfully navigate through this confusion by referencing general federal question jurisprudence.

### Modern Treatment of Federal Question Jurisdiction

Regarding federal question jurisdiction, "the prevailing view is that, unless the claim is entirely frivolous, a court should assume jurisdiction and dismiss for failure to state a claim, since federal question jurisdiction exists once plaintiff has alleged even a colorable federal claim." *Northeast Erectors Ass'n v. Secretary of Labor,* 62 F.3d 37, 39 n. 1 (1st Cir.1995). The Second Circuit recently explained,

> Because of the more-than-occasional difficulties involved in parsing a claim alleging federal question jurisdiction to determine whether it fails to state a claim or fails to meet jurisdictional requirements, the federal courts have followed a general practice of granting jurisdiction in most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances.

*Nowak,* 81 F.3d at 1188.

The Ninth Circuit navigates through the confusion under a bright line rule:

> In order to invoke federal jurisdiction "for the purposes of determining whether [the plaintiff] stated a cause of action on which relief could be granted," the complaint must fulfill only two criteria: (1) it must "claim a right to recover under the Constitution and the laws of the United States," and (2) the claim must not be "wholly insubstantial and frivolous."

*Keniston v. Roberts,* 717 F.2d 1295, 1298 (9th Cir.1983) (quoting *Jackson Transit Authority v. Local Division 1285,* 457 U.S. 15, 21, 102 S.Ct. 2202, 2206, 72 L.Ed.2d 639 (1982) and *Bell v. Hood,* 327 U.S. 678, 681, 682–83, 66 S.Ct. 773, 775–76, 776, 90 L.Ed. 939 (1946)). The Second Circuit is guided by a similar rule. *See Nowak,* 81 F.3d at 1189. Moreover, we recently applied this rule in a case concerning subject matter jurisdiction in the Court of Federal Claims, stating

> [A] complaint alleging that the plaintiff has a right to relief on a ground as to which the court has jurisdiction raises a question within the court's subject matter jurisdiction as long as the asserted basis of jurisdiction is not pretextual, i.e., as long as the jurisdictional ground asserted in the complaint does not "appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction."

*Lewis v. United States,* 70 F.3d 597, 603 (Fed.Cir.1995) (citing *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) (no jurisdiction if "plaintiff was not really relying upon the patent law for his alleged rights") and *Excelsior Wooden Pipe Co. v. Pacific Bridge Co.,* 185 U.S. 282, 287, 22 S.Ct. 681, 683, 46 L.Ed. 910 (1902) (no jurisdiction if jurisdictional allegations "were immaterial and made for the purpose of creating a case cognizable by the court.")); *see also, Aerolineas Argentinas,* 77 F.3d at 1572 ("In deciding whether there is subject matter jurisdiction, the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings."); *Romero v. United States,* 38 F.3d 1204, 1207 (Fed.Cir.1994) ("Where a district court's jurisdiction is based in whole or in part on a non-frivolous claim under the Little Tucker Act, exclusive jurisdiction of an appeal lies in this court."); *Joshua v. United*

*States,* 17 F.3d 378, 380 (Fed.Cir.1994) (Summary disposition appropriate where "it is clear [the] complaint did not identify any substantive right, founded upon either a money mandating statute or the Constitution, which might form the basis for [the] claim."); *Spruill,* 978 F.2d at 688 ("[S]ubject-matter jurisdiction existed ... as long as the petitioner asserted nonfrivolous claims."); *Beachboard v. United States,* 727 F.2d 1092 (Fed.Cir.1984) (Dismissing for lack of jurisdiction proper where "[n]othing in the language of [the jurisdiction] statute purports to give the Claims Court jurisdiction of this complaint for a declaratory judgment."). Although the trial court in *Lewis* dismissed the claim for want of jurisdiction because the "contractual basis for jurisdiction was 'so clearly lacking as to border on the frivolous,'" we concluded that "[w]hile we have found Lewis's claim to be meritless, we do not think it is so starkly frivolous that the trial court should have departed from the ordinary course of dismissing the complaint for failure to state a claim." *Lewis,* 70 F.3d at 599, 604.

### Subject Matter Jurisdiction Over Mr. Schafer's Claim

Seeking refuge in a sea of confusion, I suggest we apply a similar bright line rule in this case. Where our jurisdiction is limited to specific matters within a statutory scheme, we have jurisdiction to review a petitioner's claim on the merits if the claim fulfills only two criteria: First, reviewing the claim on its face without considering whatsoever its legal or factual merits, the claim must seek relief for a matter within the limited statutory scheme. Second, upon cursory review of the claim's merits, the claim must not be wholly insubstantial and frivolous. Regarding this second prong, the Supreme Court stated,

> [T]he federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." ... The limiting words "wholly" and "obviously" have cogent legal significance. In the context of the effect of prior decisions upon the sub-

stantiality of constitutional claims, those words import that claims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial.

*Hagans v. Lavine,* 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–80, 39 L.Ed.2d 577 (1974) (internal quotations omitted). We have used similar language concerning frivolous claims of jurisdiction. In *Bobula v. Department of Justice,* we held that, "[d]espite ... clear deficiencies in Bobula's allegations relating to jurisdiction, we conclude that her appeal is not frivolous ... partly because prior to this decision there was no holding squarely precluding appellant's precise arguments." 970 F.2d 854, 862 (Fed.Cir.1992). We have also imposed sanctions for frivolous jurisdictional claims under Rule 38 which states, "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." U.S.Ct. of App. Fed.Cir.Rule 38. In *Beachboard v. United States,* we imposed sanctions for a frivolous claim of jurisdiction because "[e]ven the most unsophisticated researcher untrained in law would with little effort find the authorities establishing the lack of jurisdiction here of the Claims Court." 727 F.2d 1092, 1094 (Fed.Cir.1984). *See also, Zuger v. United States,* 834 F.2d 1009, 1010 (Fed.Cir. 1987) (Imposing sanctions under Rule 38 because "[t]his is a manifestly frivolous appeal which never should have been taken. There was no arguable way of confronting Judge Yock's indisputable holdings that his court had no jurisdiction, and ... Zuger's substantive position has been universally rejected by many courts.")

Guided by this rule, I conclude we have appellate jurisdiction to review the arbitrator's award *to the extent* Mr. Schafer claims he was "removed" under § 7512. Applying the first prong without considering the merits of Mr. Schafer's factual or legal assertions, it is undisputed Mr. Schafer claims he was "removed" under § 7512 which lies exclusively within our appellate jurisdiction pursuant to § 7121. *Cf., Gould,* 67 F.3d at 929 ("[T]here is no question that Gould's

complaint alleges the existence of an express contract, albeit one entered into allegedly [illegally]. This is sufficient, however, to confer jurisdiction in the Court of Federal Claims."). This allegation alone is sufficient to satisfy the first prong.

Applying the second prong by conducting a cursory review of the merits, Mr. Schafer's claim does not appear to be frivolous. Mr. Schafer initially filed an appeal with FLRA, but subsequently filed a motion to stay that appeal after FLRA ordered him to show cause why it should not dismiss the appeal. It is significant that FLRA issued the order because it appeared to be a "removal" within the Federal Circuit's exclusive appellate jurisdiction.[1] Mr. Schafer claims his contract non-renewal was, in fact, a "removal for cause" because his contract would have been renewed "but for" his misconduct on March 8, 1994, and a communication from the agency itself characterized the non-renewal as "TERMINATION--INVOLUNTARY." These assertions do not appear "so attenuated and unsubstantial as to be absolutely devoid of merit," nor do "prior decisions inescapably render the claim[ ] frivolous" as opposed to merely a claim "of doubtful or questionable merit." *Hagans v. Lavine,* 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–80, 39 L.Ed.2d 577 (1974) (internal quotations omitted). Therefore, I conclude we have appellate jurisdiction pursuant to § 7121 to review the arbitrator's award *to the extent* Mr. Schafer claims he was "removed" under § 7512.

Firmly moored in the harbor of jurisdiction, I agree the non-renewal of Mr. Schafer's contract is not a "removal" under § 7512. This is a decision on the merits which, unlike dismissal for want of jurisdiction, has a *res judicata* effect. *See, Aerolineas Argentinas,* 77 F.3d at 1572 ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."); *Spruill,* 978 F.2d at 688 ("Where an Act of Congress or an executive regulation arguably confers . . . rights to re-

lief upon the claimant, the court will assume jurisdiction and decide his case on the merits even though the defendant may ultimately prevail.") (internal quotations omitted). Assuming Mr. Schafer can now turn elsewhere for further review of the arbitrator's award (e.g., FLRA), he may do so only to the extent he does not claim a "removal."

---

1. Under 5 U.S.C. § 7122, "Either party to arbitration . . . may file with [FLRA] an exception to any arbitrator's award . . . other than an award

relating to a matter described in section 7121(f) ."