Johanna K. BEGAY, Petitioner,

v.

DEPARTMENT OF THE INTERIOR, Respondent.

No. 98–3104.

United States Court of Appeals, Federal Circuit.

May 15, 1998.

Richard M. Grimsrud, of Flagstaff, Arizona, for petitioner.

William P. Donovan, Jr., Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for respondent. Of counsel were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Assistant Director.

David M. Smith, Solicitor, William E. Tobey, Deputy Solicitor, and Pamela P. Johnson, Attorney, Federal Labor Relations Authority, of Washington, DC, for amicus curiae Federal Labor Relations Authority.

Before MAYER, Chief Judge, NEWMAN, Circuit Judge, and ARCHER, Senior Circuit Judge.

## ORDER

MAYER, Chief Judge.

Johanna K. Begay seeks review of a December 18, 1997, decision of the Federal Labor Relations Authority ("FLRA") that set aside an arbitrator's award, which sustained a grievance that challenged the use of certain reduction-in-force procedures resulting in Begay's separation from service. Because it appeared that this court lacked jurisdiction to review the FLRA's decision, the court directed Begay and the Department of the Interior to address the jurisdictional issue. They have done so. In addition, the FLRA submitted a response.[1] Because this court does not have jurisdiction to review the FLRA's decision, and because none of our sister circuits has jurisdiction to review the decision, we dismiss.

## BACKGROUND

We need address only those facts necessary for resolving the jurisdictional issues presented by Begay's petition for review. Begay served as a secretary for the Department of the Interior's Bureau of Indian Affairs. She was separated from service following a reduction-in-force.

The National Federation of Federal Employees (BIA Council) ("the union") filed a grievance on her behalf with the FLRA, pursuant to the collective bargaining agreement covering Begay's employment. In the grievance, the union challenged the competitive area, established pursuant to 5 C.F.R. § 351.402(b) (1997), used in carrying out Begay's separation. The matter was submitted to an arbitrator, who sustained the grievance. The Department of the Interior filed exceptions to the arbitrator's award, pursuant to 5 U.S.C. § 7122(a) (1994). Subsequently, the award was set aside by the FLRA. Begay petitioned this court for review of the FLRA's decision. Because it appeared that the petition for review did not fall within this

---

1. On March 13, 1998, the court granted the FLRA leave to participate as amicus curiae for

purposes of the jurisdictional matters addressed herein.

court's jurisdiction, the court directed the parties to respond to the jurisdictional issue.

Begay argues that this court has jurisdiction to review the FLRA's decision. In support of her argument, Begay cites the Federal Service Labor–Management Relations Act, 5 U.S.C. §§ 7101 to 7135 (1994), and certain provisions of the recently enacted Presidential and Executive Office Accountability Act ("the Act"), Pub.L. No. 104–331, 110 Stat. 4053, namely, 3 U.S.C. § 431 (Supp. II 1996) and 28 U.S.C.A. § 1296 (West 1993 & Supp. 1998). The Department of the Interior and the FLRA contend that this court does not have jurisdiction to review the FLRA's decision and that § 431 and § 1296 are inapplicable to this case.

Before addressing the parties' arguments, we briefly discuss the relevant statutory framework concerning this court's jurisdiction, *vel non*, over Begay's petition for review. Our jurisdiction is prescribed generally by 28 U.S.C. § 1295 (1994), which does not authorize review of FLRA decisions.[2] However, pursuant to the Act this court now has jurisdiction to review, *inter alia*, certain decisions of the FLRA. Pertinent to the discussion here is 28 U.S.C.A. § 1296(a)(2), which provides:

> **Jurisdiction.**—Subject to the provisions of chapter 179,[3] the United States Court of Appeals for the Federal Circuit shall have jurisdiction over a petition for review of a final decision under chapter 5 of title 3 of—
>
> \*    \*    \*    \*    \*    \*
>
> (2) the Federal Labor Relations Authority made under part D of subchapter II of chapter 5 of title 3, notwithstanding section 7123 of title 5. . . .

The reference to "part D of subchapter II of chapter 5 of title 3" concerns § 431. Section 431 extends rights afforded under the Federal Service Labor–Management Relations Act

to "covered employees" of "employing offices." 3 U.S.C. § 431(a). Such employees are those employed in the divisions of the Executive Office of the President. *See* 3 U.S.C. § 401 (Supp. II 1996). It is worth noting that § 431 does not take effect until either the effective date of regulations implementing § 431 or October 1, 1998, whichever is earlier. *See* 3 U.S.C. § 431(e).

## DISCUSSION

We disagree with Begay's argument that § 431 and § 1296 provide us jurisdiction to review the FLRA's decision. Because Begay was an employee of the Department of the Interior, rather than one of the divisions of the Executive Office of the President, *see* 3 U.S.C. § 401, her petition for review falls outside of § 1296. Moreover, the rights extended under § 431, although not applicable here, do not take effect until the conditions discussed above occur. For these reasons, this court lacks jurisdiction to review the FLRA's decision.

Under 28 U.S.C. § 1631 (1994), whenever an appeal is filed with "a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such ... appeal to any other such court in which the ... appeal could have been brought at the time it was filed or noticed." Thus, we must determine next whether Begay could have filed her petition for review in one of our sister circuits.

Our analysis of this issue begins with an examination of the applicable provision concerning judicial review of a decision of the FLRA involving a grievance filed pursuant to a collective bargaining agreement. If an employment issue can be raised either as a grievance filed under a collective bargaining agreement or as an unfair labor practice charge, the complainant must elect one or the other procedure. If the employee choos-

---

**2.** The parties also addressed the applicability of 5 U.S.C. § 7121(f) (1994) to this case. Section 7121(f) "is our sole jurisdictional grant for review of an arbitrator's award." *Schafer v. Department of the Interior*, 88 F.3d 981, 986 (Fed. Cir.1996) (citation omitted) (internal quotation marks omitted). It refers to matters covered under 5 U.S.C. § 4303 and § 7512 (1994), neither of which is applicable to this reduction-in-

force case. *See, e.g.*, 5 U.S.C. § 7512 (excluding a reduction-in-force action under 5 U.S.C. § 3502 (1994 & Supp. II 1996) as a covered action for purposes of chapter 75, subchapter II of 5 U.S.C.).

**3.** That provision is not applicable here.

es arbitration, as was the case here, exceptions to the arbitrator's award are resolved by the FLRA. Jurisdiction to review a decision of the FLRA in such a case is set forth in 5 U.S.C. § 7123(a) (1994), which provides:

> (a) Any person aggrieved by any final order of the Authority *other than an order under—*
>
> > (1) *section 7122 of this title (involving an award by an arbitrator), unless the order involves an unfair labor practice under section 7118[sic] of this title,*
> >
> > \*      \*      \*      \*      \*      \*
>
> may, during the 60–day period beginning on the date on which the order was issued, institute an action for judicial review of the Authority's order in the United States court of appeals in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia.

(Emphasis added.) Our sister circuits that have addressed the scope of this provision "essentially have concurred that an Authority decision is reviewable only if an unfair labor practice is either an explicit or necessary (implied) ground for disposition of the arbitrated grievance." *Philadelphia Metal Trades Council v. Federal Labor Relations Auth.,* 963 F.2d 38, 40 (3d Cir.1992) (citing cases) (internal quotation marks omitted); *see also National Treasury Employees Union v. Federal Labor Relations Auth.,* 112 F.3d 402, 404 (9th Cir.1997); *American Fed'n of Gov't Employees, AFL–CIO, Local 916 v. Federal Labor Relations Auth.,* 951 F.2d 276, 278 (10th Cir.1991) ("*AFGE* "). *See generally Overseas Educ. Ass'n v. Federal Labor Relations Auth.,* 824 F.2d 61, 62–68 (D.C.Cir.1987).

The Department of the Interior and the FLRA argue that Begay's petition for review must be dismissed, rather than transferred, because a decision of the FLRA concerning an arbitrator's award issued pursuant to a grievance is not subject to judicial review. Begay contends that "there can be little dispute that the final FLRA order sought to be reviewed here 'involves ... [the] unfair labor practice' [5 U.S.C. § 7123(a)(2)[sic]] of the agency." (Some alterations in original). Although Begay has not provided us with a

copy of her grievance, it is undisputed that Begay's grievance, as filed, did not allege an unfair labor practice and that Begay did not otherwise file a charge of an unfair labor practice with the FLRA. None were addressed by the FLRA in its decision. Begay, in fact, acknowledges these circumstances and states that she chose to file "a grievance rather than an unfair-labor-practice complaint." As noted, the grievance filed on Begay's behalf alleged improper reduction-in-force procedures. Because an unfair labor practice was not an explicit or a necessary ground addressed in the FLRA's decision, Begay's case falls outside of § 7123(a)(1). *See AFGE,* 951 F.2d at 278–79 ("[T]o support judicial review under § 7123(a)(1), an unfair labor practice must be an actual part, not just a foregone alternative characterization or a potential consequence, of the underlying controversy."); *Overseas Educ.,* 824 F.2d at 69 (party choosing to invoke grievance procedures under collective bargaining agreement, rather than filing a charge of a statutory unfair labor practice, must live with the jurisdictional consequences of that decision). Therefore, none of our sister circuits has jurisdiction to review the FLRA's decision. Transfer, therefore, is not an option in this case. Under these circumstances, we conclude that the petition for review must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for review is dismissed.

(2) Each side shall bear its own costs.