"This case is before the court, without oral argument, on defendant’s motion for summary judgment. Plaintiff has not responded to this motion. Upon review of the parties’ submissions, we hold that defendant is entitled to judgment as a matter of law.
"In March 1973, plaintiff was given a one-year appointment as a part-time postal assistant under a special United States Postal Service 'public policy’ program for students between 16 and 22 years old in need of financial assistance to continue their education. At the end of his one-year term, plaintiff requested consideration for a Postal Service career position. As a special 'public policy’ employee, plaintiff was permitted to apply for a regular full-time *875 position after satisfactory completion of his one-year term but his appointment was not automatic and he had to meet regular career employee standards.[1] Upon examination, the Postal Service found that plaintiff did not meet the physical requirements for a full-time job[2] and as a result he was denied a transfer to a career position. Plaintiff was then separated from the Postal Service when his limited special appointment expired.
"Plaintiff alleges that he was terminated in an arbitrary, capricious and illegal manner and was improperly denied an appeal under adverse action procedures or the union grievance procedure. We believe, however, that plaintiffs separation was lawful and in line with Postal Service procedure and his rights as a 'public policy’ employee. Plaintiff was separated from the Postal Service because his one-year appointment expired and not, as he alleges, because of his physical disability. His termination was not an adverse action but merely part of the original conditions of his appointment. See, Civil Service Commission Federal Personnel Manual, Supplement 752-1, § S1-16(3). Plaintiff did not hold a full-time career position at the time of his separation and therefore did not have appeal rights under the Postal Service unions’ grievance procedure available only to members of the bargaining unit and not to 'public policy’ employees. As for the refusal to take him on as a full-time employee, plaintiff, who did not respond to the Government’s motion for summary judgment, offers no material (other than his allegation that he performed his part-time job adequately) to show that the Postal Service’s refusal to certify him for a full-time job, on the ground that he was not medically qualified, was arbitrary, capricious, or violative of his rights. In the absence of any such *876 material from plaintiff, we cannot say that he has even raised a triable issue of fact as to his medical qualifications for full-time employment.
"it is therefore ordered and concluded thát defendant’s motion for summary judgment is granted and the petition is dismissed.”

 See, Welsh v. United States Postal Service, 74 Civ. 3834 (S.D.N.Y. 1975), interpreting the Postal Service-Union Memorandum of Understanding relating to public policy employees and their status under the 1973 National Agreement between the Postal Service and the labor unions representing Service employees.

 Plaintiff states in his petition that he has a physical disability — he has been diagnosed by his own doctor as a spastic hemiplegic and has an irregular gait, one short leg and some spinal curvature. He contends that these physical problems did not hinder his part-time job performance and that he could have worked full time. Although the Postal Service had examined him and found him fit for his part-time job, the Service later decided that he would not be able to perform in a full-time position.