This civilian pay case comes before the court on the Government’s motion for summary judgment and plaintiffs opposition thereto.[1] Upon review of the parties’ submissions, we hold for the Government.
On October 6, 1975, plaintiff, a legally resident alien, was given a temporary appointment as a staff physician by the Department of Medicine and Surgery of the Veterans Administration (VA). The appointment was for a period not to exceed (NTE) 3 years, or to October 5, 1978. Plaintiff was notified by a letter dated September 1, 1978, that his appointment would not be renewed since there was no longer a need for his services. Consequently, plaintiffs appointment ended on October 5, 1978, with payment in full being made for services rendered to that date.
Plaintiff alleges that he is entitled to back pay since his liberty interest under the Fifth Amendment was violated in terminating his employment with the VA. In support of his position, plaintiff argues that stigmatizing statements were entered in his employment record without giving him an opportunity to explain or refute such statements. The existence of these unexplained statements, plaintiff continues, has injured his reputation to the extent that he has been effectively precluded from any future employment opportunities, thus resulting in monetary and professional injury. The Government denies the existence of any such statements and argues that the expiration of plaintiffs temporary NTE appointment was lawful and consistent with VA procedure. We agree with the Government.[2]
*481 Since plaintiff was not a U.S. citizen, he was appointed to his staff doctor’s position pursuant to §§ 4114(a)(1)(A) and 4114(c), Title 38, United States Code.[3] These provisions, together with implementing regulations,[4] provide that the Administrator of the VA may recruit and temporarily employ such non-citizen physicians for periods not to exceed 3 years.
Neither the statute nor the regulation mandates reappointment after the expiration of the original term of employment. Plaintiff received a temporary appointment, the duration of which was not to exceed 3 years. Upon the completion of his 3-year appointment, plaintiffs position automatically terminated and he ceased to be an employee of the federal government. Here, as in Featheringill v. United States 217 Ct.Cl. 24 (1978), where plaintiffs position was terminated when his NTE appointment as a high school teacher on Misawa Air Base, Japan, ended, plaintiff
"never occupied nor had any entitlement to the job he seeks” and consequently, is not due any back pay. Id. at 28. Plaintiff was not deprived of his NTE appointment — he completed his full 3-year term and was fully paid for the services he rendered — he is entitled to nothing more. See Werner v. United States, 218 Ct.Cl. 746 (1978), cert. denied 441 U.S. 963 (1979). (refusal to reappoint' 1-year NTE employees held to be part of the original condition for *482 employment); Harwell v. United States, 215 Ct.Cl. 874 (1977) (1-year appointment with Postal Service automatically terminated at expiration of employment term). Therefore, we hold that the Government is entitled to judgment as a matter of law.[5]
Accordingly, it is therefore ordered, on consideration of the record and parties’ submissions, without oral argument, that defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.
Plaintiffs motion for rehearing was denied December 30, 1981.

 Although plaintiff has filed an Opposition to the Government’s Motion for Summary Judgment, he has offered nothing to support his position. He has neither offered affidavits nor any other submissions which would allegedly place in dispute material issues of fact.

 The substance of plaintiffs position is that stigmatizing entries were made in his personnal record and that such statements have foreclosed future employment. The Government denies the existence of any such statements. In support of its position, the Government has filed with the court a certified copy of plaintiffs personnel *481 record for our examination. We have carefully searched plaintiffs record and agree with the Government.

 Section 4114(a)(1)(A) states in pertinent part:
The Administrator, upon the recommendation of the Chief Medical Director, may employ, without regard to civil service or classification laws, rules, or regulations— (A) physicians ... on a temporary full-time, part-time or without compensation basis;. . .
Section 4114 (c) states:
When the Chief Medical Director determines that it is not possible to recruit qualified citizens for the necessary services, appointments under this section may be made without regard to the citizenship requirements of section 4105 of this title or of any other law prohibiting the employment of, or payment of compensation to, a person who is not a citizen of the United States.
38 U.S.C. §§ 4114(a)(1)(A) and 4114(c) (1976).

 The implementing regulation, in relevant part, provides:
8. Appointments Under 38 U.S.C. 4114
a. Temporary Full-Time. Physicians . . . may be appointed under 38 U.S.C. § 4114(a)(1)(A) for [periods] not to exceed 3 years, provided the Chief Medical Director or his designee determines it impracticable to obtain necessary services under authority of 38 U.S.C. 4104(1). Such appointments may be renewed with the approval of the Chief Medical Director or his designee.
Veterans Administration, Department of Medicine and Surgery Regulation MP-5, Part II, Chapter 2.

 Since we hold that the termination of plaintiffs employment was proper under 38 U.S.C. § 4114(a)(1) and (c) together with implementing regulations, we do not reach the constitutional issue. We note, nevertheless, that insofar as plaintiffs claim (that his liberty interest has been violated) attempts to stand on the Due Process Clause of the Fifth Amendment to recover back pay, this court has no jurisdiciton because that Constitutional provision does not itself obligate the Government to pay money damages. Featheringill, supra; Walton v. United States, 213 Ct.Cl. 755 (1977); Muehlen v. United States, 209 Ct.Cl. 690 (1976); Eastport S.S. Corp. v. United States, 178 Ct.Cl. 599, 372 F.2d 1002 (1967).