Plaintiff, Thomas H. Casey, was employed by the office of Hearings and Appeals (formerly the Bureau of Hearings and Appeals) of the Social Security Administration as a temporary administrative law judge for consecutive appointments from October 29, 1974, through December 31, 1976. At the time of his first such appointment, he was 70 years old and had previously engaged in private practice. During his tenure, he was stationed at Greensboro, North Carolina, and adjudicated only Title II (black lung) claims. His tenure expired on December 31, 1976, and he was not extended after that date, nor was he appointed a supplemental security income (ssi) hearing examiner to adjudicate claims in addition to black lung cases. Asserting age discrimination against him and due process violations in the failure to extend his appointment or to appoint him an ssi examiner, plaintiff sued in the United States District Court for the Middle District of North Carolina. The age discrimination claim was dismissed by the District Court[1] and the alleged due process violations were transferred to this court. Defendant has moved for summary judgment. Plaintiff opposes that motion but does not himself move for summary judgment.
For the purposes of the Government’s motion, we assume the truth of plaintiffs representations that (a) prior to his becoming a temporary administrative law judge in October 1974, he was informed by the then Acting or Deputy Personnel Director of the Bureau of Hearings and Appeals[2] that, since plaintiff was over 70 years old at the time he entered federal service, he would be retained as a government employee for a minimum of five years in order to become eligible for retirement benefits; (b) plaintiff relied on this assurance in deciding to become a federal employee and to give up private practice; (c) in June 1975 he received a letter from the Bureau of Hearings and Appeals directing him to file an application to become an ssi examiner, and he did; (d) in February 1976, he was sent by the Bureau to a *814 training conference and was told that he was being sent for the purpose of preparing him to hear other social security proceedings in addition to black lung cases; and (e) a high official of the Social Security Administration (the Director of the Bureau of Hearings and Appeals) wrote to him (prior to March 31, 1976) saying that his appointment as a temporary administrative law judge had been extended and on expiration of that appointment (December 31, 1976) he would be converted to the position of hearing examiner (a statement which was never withdrawn).
Nevertheless, we must hold that plaintiff has no case. The only rights to federal employment are those conferred by legislation or regulation. Arnett v. Kennedy, 416 U.S. 134 (1974). Plaintiff no longer alleges any procedural violation and it is plain that his termination on December 31, 1976, was procedurally correct. That termination also followed the governing statutes (Public Laws 93-305, June 8, 1974, and 94-32, June 12,1975) which allowed the Social Security Administration to appoint temporary administrative law judges for black lung cases (which had been piling up in great numbers) and specified the dates by which such appointments would end. Plaintiffs appointment was allowed to terminate on December 31, 1976, without extension because the Administration no longer had need for his services as a temporary black lung ALJ.[3] This was in full accord with the letter and spirit of the statutes which did not call for reappointment or extension after the expiration of plaintiffs then term. See, e.g., Mittapali v. United States, 229 Ct.Cl. 479 (1981); Yeghiayan v. United States, 227 Ct. Cl. 364, 373, 649 F.2d 847, 851 (1981).
Plaintiffs failure to be appointed an ssi examiner likewise does not found any claim we can enforce. Nothing is clearer than that an individual has no right to the pay of a federal position that he has never held and to which he has not been appointed. See, e.g., Williams v. United States, ante at 760; Hagan v. United States, 229 Ct. Cl. 423, 671 F.2d 1302 (1982). It is immaterial that plaintiff was asked to apply for the ssi position or that a high ssa official wrote to *815 him that, on the expiration of his temporary AU position, he would be converted to a hearing examiner. However expanded the concept of an actual "appointment” may be, those indications of future intention to appoint could not be considered an actual, present appointment — any more than a President’s indication of an intention to nominate someone for federal office is the equivalent of a nomination.
As for the representations that plaintiff invokes, they cannot, even if true, ground a claim here. A major obstacle is the undeniable fact that plaintiff was 70 when he first became an alj in 1974, and the then legislation (a) did not allow persons over 70 to be granted permanent federal employment, and (b) the statutes authorizing temporary aljs for black lung cases specifically limited those appointments not to exceed one year and envisaged continuation of that program only as long as it was needed. No federal official (including the Director of the Bureau of Hearings and Appeals and the Acting or Deputy Personnel Officer for the Bureau of Hearings and Appeals) was authorized to make commitments or representations in violation of those Congressional requirements. See, e.g., Schweiker v. Hansen, 450 U.S. 785 (1981). Plaintiff was simply ineligible in 1976-1977 for permanent federal employment either as an administrative law judge or as a hearing examiner.
For these reasons, and without oral argument, defendant’s motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs petition for a writ of certiorari was denied November 29,1982.

 The Court of Appeals for the Fourth Circuit affirmed the District Court’s dismissal of the age discrimination claim.

 This person is now dead.

 Black lung cases were to be transferred from the Social Security Administration to the Department of Labor, and it was expected that the Administration would have a decreasing need for these temporary aljs.