Charles J. MILLER, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 86–683.

United States Court of Appeals, Federal Circuit.

June 18, 1986.

Charles J. Miller, pro se.

Llewellyn M. Fischer, Acting General Counsel, Mary L. Jennings, Associate Gen-

eral Counsel for Litigation, David C. Kane, Reviewer for Litigation and Patricia A. Price, Merit Systems Protection Bd., Washington, D.C., for respondent.

Before FRIEDMAN, SMITH and NIES, Circuit Judges.

NIES, Circuit Judge.

## I.

Mr. Miller, while employed with the Department of the Navy, applied for an advertised position of Equal Employment Manager with the Securities and Exchange Commission which was at a higher grade than his Navy position. On February 22, 1985, petitioner was advised that he had been selected for the position and he accepted. The first workday was scheduled for April 1, 1985. On March 6, 1985, petitioner's appointment * was withdrawn due to unspecified defects in the selection process. On June 6, 1985, the SEC advised petitioner that another individual had been appointed to the position. Petitioner remained in his position at the Navy.

Petitioner filed an appeal to the Merit Systems Protection Board alleging that the revocation of his appointment was, in effect, a removal from the position which had been offered him or was at least a demotion in grade. The Merit Systems Protection Board held that since Mr. Miller had never entered on duty under the appointment, the revocation of an appointment did not constitute an adverse action under 5 U.S.C. Chapter 75. We agree.

## II.

The Merit Systems Protection Board does not have plenary supervisory authority over agency actions with respect to personnel matters. Rather, its jurisdiction is over actions made appealable by statute or regulation. Petitioner's argument that he is an employee and, therefore, entitled to appeal the revocation of the appointment misses the mark. The question is not simply whether he is an employee, but also whether there is an appealable adverse action. Since Mr. Miller never entered on duty in the position of Equal Employment Manager at the Securities and Exchange Commission, no viable argument can be made that he was removed or demoted from that position. Further, no statute or regulation provides for review by the Merit Systems Protection Board of a revocation of an appointment to a position which an individual never occupied. The situation here is analogous to that in *McCarley v. Merit Systems Protection Board,* 757 F.2d 278 (Fed.Cir.1985), involving an applicant for a position who was appointed but never entered on the duties of the position. This court held, as had the MSPB, that the MSPB had no jurisdiction to review the agency's withdrawal of the appointment because the person involved never became an employee. Similarly, petitioner Miller never became an employee of the SEC, the only agency accused of taking an adverse action.

For the foregoing reasons, the decision of the Merit Systems Protection Board dismissing petitioner's appeal for lack of jurisdiction, is affirmed.

AFFIRMED.

---

* The issue is not presented in this case, and we do not decide whether Mr. Miller's selection was an appointment within the meaning of 5 U.S.C. § 2105(a)(1) (1982).