**Robert MANUEL, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 96–CV–1596.

District of Columbia Court of Appeals.

Argued Jan. 7, 1999.
Decided March 25, 1999.

James R. Becker, Washington, DC, for appellants. Scott E. Snyder and John W. Hartel, Fairfax, VA, were on the brief, for appellants.

Mary Connelly, Assistant Corporation Counsel, for appellee. Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Martin B. White, Assistant Corporation Counsel at the time the brief was filed, were on the brief, for appellee.

Before TERRY and REID, Associate Judges, and BELSON, Senior Judge.

REID, Associate Judge:

█ Appellants appeal from an order of the motions judge granting appellee's motion for summary judgment on a complaint challenging the Superior Court of the District of Columbia's revocation of their promotions to the position of supervisory probation officer. We affirm the judgment of the motions court and hold that where a promotion is revoked before a Superior Court employee occupies a new competitive position, no adverse action has taken place, and the employee is not entitled to any due process procedural rights or common law remedies.

## FACTUAL SUMMARY

Appellants, six probation officers who at the time were employees of the Superior Court, were selected for promotion to the position of supervisory probation officer following a competitive personnel process.[1] A few days later, before they assumed the new positions, appellants received notice from the Executive Officer of the court advising that the selection process had been "tainted," and thus, the promotions were null and void.

Subsequently, appellants filed grievance actions contending that they had been subjected to adverse actions. The grievance actions were denied by the Director of Social Services of the Superior Court. Appellants then filed a lawsuit claiming (1) breach of contract through the unilateral action of the Executive Officer; and (2) adverse action without due process in the form of a preaction hearing or opportunity to present evidence, in violation of rights set forth in the Superior Court Personnel Policy Handbook. They sought compensatory damages of $1 million.

Appellee, the District of Columbia, filed a motion in the alternative for dismissal or summary judgment. In an order dated July 15, 1994, the motions judge, the Honorable Patricia A. Wynn, granted the District's motion for summary judgment as to the breach of contract claim, but not the adverse action claim.[2] Just prior to trial on the adverse action claim, the District filed an alternative motion for dismissal or summary judgment. The motions judge, the Honorable Stephen G. Milliken, "orally granted dismissal of the case on September 25, 1995. However, ... the court, *sua sponte*, stayed dismissal and

---

1. In 1997, probation services were transferred from the Superior Court to the Offender Supervision, Defender and Courts Services Agency, created under Title XI (District of Columbia Revitalization), § 11233 of P.L. 105–33, 111 Stat. 748 (August 5, 1997).

2. No appeal was taken from this judgment. Therefore, the breach of contract claim is not before us.

ordered that plaintiffs brief the issue of jurisdiction."

On February 5, 1996, Judge Milliken filed an order granting summary judgment, concluding in part that: "an offer for an employment position never occupied is roundly susceptible of retraction ... and [g]rievances about promotions never fulfilled do not command administrative or court hearing, let alone plenary trial."

## ANALYSIS

■ In reviewing the grant or denial of a motion for summary judgment, "[o]ur role is to 'determin[e] whether the trial court properly concluded there was no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.'" *Rockler v. Sevareid*, 691 A.2d 97, 99 (D.C.1997) (quoting *Urban Masonry Corp. v. N & N Contractors, Inc.*, 676 A.2d 26, 30 (D.C.1996)) (citing *Northbrook Ins. Co. v. United Servs. Auto Ass'n*, 626 A.2d 915, 917 (D.C.1993)).

Appellants contend that appellee "took an adverse action" against them when they were "demoted" after having been selected to fill the position of supervisory probation officer, and that their "demotion" occurred in violation of their procedural rights and common law remedies. They assert that an adverse action is defined in the District of Columbia Courts Comprehensive Personnel Policies to include "demotions."[3] Thus, appellants argue, the motions court should have denied appellee's motion for summary judgment and scheduled a trial on their adverse action claim.

■ As appellee argues, appellants were not subjected to a "demotion ." Their appointments were revoked due to a "tainted"

selection process.[4] The "revocation of an appointment to a position which an individual never occupied" does not constitute a demotion, and thus, does not give rise to an adverse action. *Miller v. Merit Sys. Protection Bd.*, 794 F.2d 660, 661 (Fed.Cir.), *cert. denied*, 479 U.S. 886, 107 S.Ct. 280, 93 L.Ed.2d 255 (1986) ("Since Mr. Miller never entered on duty in the position of Equal Employment Manager at the Securities and Exchange Commission, no viable argument can be made that he was removed or demoted from that position.").

Appellants did not "enter on duty" with respect to the position of supervisory probation officer. Under the reasoning of *Miller, supra,* which we apply to this case, they could not be demoted from a position they never occupied. Consequently, they were not subjected to an adverse action. Nor were they entitled to the procedural rights governing such actions.[5] We hold, then, that where a promotion is revoked before a Superior Court employee occupies a new competitive position, no adverse action has been taken, and the employee is not entitled to any due process procedural rights or common law remedies.

Accordingly, for the foregoing reasons, we affirm the judgment of the motions court.

*So ordered.*

---

3. Policy § 200 provides that:
   *adverse actions:* include termination; demotion; suspension; reduction in grade or step; or any other action taken as discipline for an unacceptable action that impedes the official operations of the Courts which is not covered under Policy 100, Grievances.

4. Appellants were not implicated in the "tainted" process. After a new competitive selection process, three of the appellants were selected for promotion to the position of supervisory probation officer.

5. We do not address appellants' other arguments regarding common law rights and remedies for victims of torts because neither their complaint, their memorandum in opposition to the appellee's motion for summary judgment, nor their brief on appeal states or discusses any particular common law tort claims alleged in the Superior Court. No transcript of the proceedings in the Superior Court has been made part of the record.