# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY REDDICK,**
*Petitioner*

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION,**
*Respondent*

---

2014-3188

---

Petition for review of arbitration decision by Robert M. Hirsch No. H13-024.

---

Decided: January 8, 2016

---

PARAS NARESH SHAH, National Treasury Employees Union, Washington, DC, argued for petitioner. Also represented by GREGORY O'DUDEN, JULIE M. WILSON, LARRY JOSEPH ADKINS.

JAMES R. SWEET, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by CLAUDIA BURKE, ROBERT E. KIRSCHMAN, JR., JOYCE R. BRANDA.

---

Before REYNA, SCHALL, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Timothy Reddick served in a term appointment with the Federal Deposit Insurance Corporation. The FDIC offered to extend the term appointment, which Mr. Reddick accepted. Prior to the start of the extended portion of the term appointment, the FDIC revoked the already-accepted offer. The issue is whether the revocation constituted a "removal" under 5 U.S.C. § 7512. An arbitrator ruled in favor of the FDIC. We agree and dismiss the appeal. We hold that the extension offer was still revocable by the FDIC even after acceptance by Mr. Reddick. Therefore, the offer of extension never matured into an effective extension, so Mr. Reddick was not "removed" from that prospective extension.

I

Mr. Reddick was employed as an "Investigation Specialist" with the FDIC in an initial two-year term appointment. The initial term began in September 2010 and was set to expire in September 2012.

Before the expiration of the initial term, the FDIC offered Mr. Reddick an extension of the initial term for an additional two years. This extension term was set to begin in September 2012. The extension offer stated that the "extended employment" would be "effective [September], 2012" and that the "extended appointment is subject to the conditions of employment [included in the initial appointment offer] and subject to your continued successful performance." J.A. 31. The extension offer was made in April 2012, and Mr. Reddick accepted it several days after receipt.

For reasons not germane to this appeal, the FDIC revoked the extension offer in August 2012. As is evident, but nonetheless highlighted here for its significance, this

revocation occurred after acceptance of the extension offer but prior to the beginning of the extension term. As a result, Mr. Reddick's employment with the FDIC ended when the initial term expired in September 2012.

Mr. Reddick filed a grievance with the FDIC on the theory that the revocation of the extension offer was an adverse action under 5 U.S.C. § 7512. If Mr. Reddick's allegation were true, then he would have been entitled to the procedural protections of 5 U.S.C. § 7513, which the FDIC did not provide him. But the FDIC disagreed with Mr. Reddick, and the matter was referred to arbitration under the terms of a collective bargaining agreement.

The arbitrator found the revocation justified and entered disposition for the FDIC. The arbitrator found the extension offer to be conditional in nature, namely, conditioned on Mr. Reddick's "satisfactory work performance." J.A. 18–19. And, the arbitrator found Mr. Reddick's allegedly improper conduct—which led to the revocation but is not at issue in this appeal—to be "highly questionable behavior" and sufficient justification for the FDIC's decision to end its relationship with Mr. Reddick. *Id.* at 19–20. Because the extension offer was conditioned on satisfactory performance and Mr. Reddick had not so performed, the arbitrator found the revocation justified and thereby denied Mr. Reddick's grievance.

Mr. Reddick appeals to this court.

## II

The Civil Service Reform Act of 1978 provides a comprehensive personnel system with extensive prescriptions for the protections and remedies available to federal employees. *See United States v. Fausto*, 484 U.S. 439, 443 (1988); *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 773–74 (1985). For the typical nonpreference eligible federal employee, independent administrative and judicial review is only available for major adverse actions as

defined in 5 U.S.C. § 7512, first to the Merit Systems Protection Board and subsequently to this court. For minor adverse actions not covered by § 7512, an employee generally can only seek whatever internal remedies are available in the employing agency.[1]

For employees who are covered by a collective bargaining agreement, like Mr. Reddick, additional remedies may be afforded by the collective bargaining agreement. For instance, an employee may be able to file a grievance and submit a dispute to an arbitrator. The matters subject to such a grievance-resolution procedure and arbitration are defined by the collective bargaining agreement and are not necessarily limited to only those adverse actions covered by § 7512. However, judicial review of an arbitrator's decision by this court is still limited to only those adverse actions covered by § 7512. *See* 5 U.S.C. § 7121(f); *see also Schafer v. Dep't of Interior*, 88 F.3d 981, 984–85 (Fed. Cir. 1996). Thus, while Mr. Reddick may have been able to submit his dispute over the cancellation of his term extension to the arbitrator under his collective bargaining agreement, we only possess jurisdiction if Mr. Reddick was removed from his position within the meaning of § 7512.

It is well-established that the failure to appoint is not an adverse action. *See Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998). Likewise, the expiration of a term appointment or a non-renewal of a term appointment at the term's expiration is also not an adverse action. *See Mittapalli v. United States*, 229 Ct. Cl. 479,

---

[1] In some circumstances, inapplicable here, an employee can pursue remedies for actions not covered by 5 U.S.C. § 7512 under the provisions established by the Whistleblower Protection Act. *See generally* 5 U.S.C. § 2302(b)(8); *see also Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006).

481 (1981). However, the removal of an employee during a term appointment may qualify as a removal under § 7512. *See, e.g.*, *Cunningham v. Dep't of Veterans Affairs*, 86 M.S.P.R. 519, 523 (2000); *Youngs v. Dep't of the Army*, 73 M.S.P.R. 551, 559 (1997).

Our jurisdiction in this case therefore depends on whether Mr. Reddick's employment was terminated at the end of his term appointment, as the FDIC contends, or during his extended term, as he argues. And the answer to that question depends on the narrow issue of whether, under the facts of this case, Mr. Reddick's term appointment was irrevocably extended by his acceptance of the FDIC's offer, or whether the FDIC could revoke that offer prior to the effective date.

We conclude that the FDIC could revoke the extension offer notwithstanding Mr. Reddick's acceptance thereof.

First, the terms of the extension offer suggest that it was not intended to become irrevocably effective upon acceptance by Mr. Reddick. The extension offer refers to "extended employment under a Term Appointment with the [FDIC] for an additional period of 24 months, effective [September] 2012." In other words, the "extended employment" would become effective in September 2012, i.e., not immediately upon acceptance by Mr. Reddick. The effective date language reasonably suggests that the extension term would be effective, entitling Mr. Reddick to the benefits of that position, upon the specified date in September 2012. As such, the stated effective date weighs in favor of finding that the FDIC could revoke the extension offer prior to Mr. Reddick beginning the extension term in September 2012.

Second, the lack of execution of formal documentation of the term extension, i.e., the SF-52/50, supports the conclusion that the term extension had not yet become effective when revoked by the FDIC. The SF-52, "Request for Personnel Action," and SF-50, "Notification of Person-

nel Action," constitute the standard forms for the federal government to initiate and document personnel actions, respectively. Our court's predecessor held that the execution of the SF-52 "is the *sine qua non* to plaintiff's appointment." *Goutos v. United States*, 552 F.2d 922, 924 (Ct. Cl. 1976). In *Goutos*, the court held that the effectuating act in appointing the individual to the contested position would have been the signing of the SF-52 by the appropriate manager in the Department of the Army. *See id.* at 924–25. Because the SF-52 was never signed despite repeated requests and over two years of service in the contested position, the court held that no appointment had been made. *See id.* at 923–25. In *Monaco*, this court similarly held that the last act needed to effectuate the appointment was signing of the SF-52 by the appropriate manager within the IRS. *See Monaco v. United States*, 66 F.3d 346 (Fed. Cir. 1995) (unpublished opinion). In *Skalafuris*, our predecessor court looked to the SF-52 and SF-50 as the primary evidence of when the employee's appointment became effective. *See Skalafuris v. United States*, 683 F.2d 383, 385–87 (Ct. Cl. 1982).

An SF-52/50 may not be necessary in every circumstance to conclude that an appointment has occurred. *See, e.g.*, *Nat'l Treasury Emps. Union v. Reagan*, 663 F.2d 239, 243 (D.C. Cir. 1981). But given the importance that precedent places on the significance of the SF-52 and SF-50 in the appointment process, *see Goutos*, 552 F.2d at 924, *see also Vukonich v. Civil Serv. Comm'n*, 589 F.2d 494, 496 (10th Cir. 1978), we find the lack of an SF-52 or SF-50 to have considerable weight in determining whether the FDIC actually did extend Mr. Reddick's appointment.

Here, the FDIC did not execute an SF-52 and Mr. Reddick did not receive an SF-50 for the term extension. The FDIC explains that it was the practice of the agency to issue an SF-50 for an extension term only after the initial term had expired. Given the FDIC's practice of

issuing the SF-50 only after completion of the initial term, and given the effective date provision included in the extension offer, it is reasonable to interpret the extension offer as establishing the plan for an extension term, which would only become effective upon execution of the SF-52 or issuance of the SF-50.

Based on the language of the extension offer and the lack of the SF-52/50, we find that the extension offered to Mr. Reddick and accepted by him had not become effective when the FDIC revoked the extension offer in August 2012. As a result, the FDIC's revocation did not constitute a "removal" of Mr. Reddick from the extension term within the meaning of § 7512.

To the extent that Mr. Reddick argues that the revocation of the extension offer itself constitutes a removal, that argument lacks merit. It would be conceptually no different from a withdrawn offer of employment prior to appointment, which we have held is not an appealable adverse action, s*ee Miller v. Merit Sys. Prot. Bd.,* 794 F.2d 660, 661 (Fed. Cir. 1986).

## III

We conclude that the revocation of the extension offer by the FDIC did not constitute a "removal" under § 7512. Thus, this court lacks jurisdiction over Mr. Reddick's appeal. Accordingly, the present appeal is dismissed.

**DISMISSED**

No costs.