NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AHMED M. NURI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1462

---

Petition for review of the Merit Systems Protection Board in No. SF-1221-16-0293-W-1.

---

Decided: June 12, 2017

---

AHMED M. NURI, Mountain View, CA, pro se.

TREYER AUSTIN MASON-GALE, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before PROST, *Chief Judge,* BRYSON and HUGHES, *Circuit Judges.*

PER CURIAM.

Appellant Ahmed Nuri seeks review of a Merit Systems Protection Board ("MSPB" or "Board") decision dismissing his appeal of his termination for lack of jurisdiction. *Ahmed v. Dep't of the Army*, M.S.P.B. No. SF-1221-16-0293-W-1 (Final Order, Nov. 10, 2016; Initial Decision, June 22, 2016). Because we conclude that the MSPB lacked jurisdiction over this appeal, we affirm.

I

In 2005, the Department of the Army hired Mr. Nuri as a senior instructor under a term appointment, which was extended through a series of additional term appointments with the final appointment terminating no later than October 27, 2015. In 2015, however, issues arose concerning Mr. Nuri's conduct and performance. Specifically, on April 8, 2015, the agency counseled Mr. Nuri in writing regarding his interactions with colleagues, and subsequently advised him that his lesson presentation failed to meet the criteria for certification. Additionally, the Army rated Mr. Nuri's performance as "needs improvement." Shortly thereafter, on October 16, 2015, the agency notified Mr. Nuri that his term appointment would not be renewed beyond its not-to-exceed date. His appointment terminated October 27, 2015.

A few days after receiving notice of his termination, Mr. Nuri filed a complaint with the United States Office of Special Counsel ("OSC") alleging that the Army had terminated his appointment in retaliation for several petitions that he had filed, since 2008, "protesting gross mismanagement, abuse of authority, and favoritism" by the Army. Resp't's App. 61–70. In particular, Mr. Nuri notified OSC of six purportedly protected disclosures that he had made, which he asserts resulted in the Army refusing to renew his appointment. A few months later, OSC notified Mr. Nuri that it was closing its investigation

but informed him that he may file an individual right of action with the MSPB if he desired further review.

Mr. Nuri appealed his dismissal and filed a whistleblower reprisal individual right of action with the MSPB. The MSPB administrative judge found that the Board lacked jurisdiction to review Mr. Nuri's dismissal because the Army's failure to renew Mr. Nuri's term appointment was not an adverse action under 5 U.S.C. § 7513. Further, the administrative judge concluded that the Board did not have jurisdiction to review Mr. Nuri's whistleblower reprisal individual right of action. The administrative judge found that four of Mr. Nuri's submissions to the OSC were not protected whistleblower disclosures and that Mr. Nuri failed to non-frivolously allege that the other two disclosures contributed to the Army's decision to dismiss him.

Mr. Nuri appealed the administrative judge's decision to the full Board, which affirmed the decision. Mr. Nuri now appeals the Board's decision. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## II

On appeal, Mr. Nuri argues that the Board should have found jurisdiction because the Army improperly removed him. Whether the Board has jurisdiction is a question of law that this court reviews without deference. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The court reviews the Board's factual findings for substantial evidence. *Id.* Ultimately, the petitioner bears the burden of establishing jurisdiction. *McCarthy v. Merit Sys. Prot. Bd.*, 809 F.3d 1365, 1373 (Fed. Cir. 2016).

Mr. Nuri first contends that the Board had jurisdiction to hear his appeal under 5 U.S.C. § 7513. Section 7513 authorizes the Board to hear challenges to adverse actions such as removals. *See* 5 U.S.C. § 7512(1);

5 C.F.R. § 1201.3(a)(1). "[N]on-renewal of a term appointment at the term's expiration," however, is not an "adverse action." *Reddick v. F.D.I.C.*, 809 F.3d 1253, 1256 (Fed. Cir. 2016); *see also* 5 C.F.R. § 752.401(b)(11) (defining "[t]ermination of appointment on the expiration date specified as a basic condition of employment at the time the appointment was made" as an "excluded action" and not an "adverse action").

Here, it is uncontested that Mr. Nuri was serving a term appointment not to exceed October 27, 2015, and that his appointment expired on that date. Accordingly, the Army's failure to extend Mr. Nuri's appointment was not an "adverse action" and the MSPB lacked jurisdiction to review his removal. *Reddick*, 709 F.3d at 1256.

Mr. Nuri also argues that the Constitution guarantees him due process which he was denied here. This court, however, has already held that a public employee's "federal constitutional due process claim depends on his having a property right in continued employment" and where "the public employee is hired for a limited appointment or is at will, then the employee does not have a property interest in continued employment." *Stone v. F.D.I.C.*, 179 F.3d 1368, 1375 (Fed. Cir. 1999). Accordingly, because the Army did not deprive Mr. Nuri of a property right in his continued employment, he does not have a due process claim.

In sum, the MSPB lacked jurisdiction to hear Mr. Nuri's improper removal case and properly dismissed the action.

## III

Second, Mr. Nuri argues that the Board had jurisdiction over his individual right of action for whistleblower retaliation. We disagree. Under § 1221, the Board has jurisdiction over an employee's claim that he was terminated because he made a protected disclosure or engaged

in protected activity. We have further explained that "the Board has jurisdiction over an [individual right of action] appeal if the appellant has exhausted his administrative remedies before the OSC and makes 'non-frivolous allegations' that (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8)–(9) , and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

Mr. Nuri's whistleblower reprisal individual right of action was premised on six purportedly protected disclosures: (1) a November 24, 2008 Office of Inspector General complaint alleging discrimination and nepotism; (2) an April 22, 2014 Equal Employment Opportunity complaint alleging discrimination and favoritism in hiring; (3) a March 22, 2015 unfair labor practice complaint alleging abuses in the hiring system; (4) an August 31, 2015 class action lawsuit filed in the U.S. District Court for the Northern District of California alleging unfairness in the criteria for rank advancement; (5) a September 15, 2015 matter he reported to the Office of Inspector General; and (6) an October 15, 2015 grievance he filed alleging that the agency had unfairly evaluated his work performance. Resp't's App. 6–7.

The Board found that Mr. Nuri had exhausted his administrative remedies with the OSC for all six disclosures. The Board went on to conclude, however, that it did not have jurisdiction over Mr. Nuri's individual right of action for two distinct reasons. First, the Board concluded that Mr. Nuri had not "engaged in whistleblowing activity," *Yunnus*, 242 F.3d at 1371, by making disclosures 2, 3, 4, and 6 because those disclosures were not "appeal[s], complaint[s], or grievance[s]" that sought to "remedy a [whistleblower reprisal]," 5 U.S.C. § 2302(b)(9)(A)(i). Resp't's App. 24. Second, the Board

concluded that Mr. Nuri had failed to show that disclosures 1 and 5 were "contributing factor[s] in the agency's decision to" remove Mr. Nuri. *Yunnus*, 242 F.3d at 1371. *Id.* Accordingly, the Board concluded that it did not have jurisdiction to review Mr. Nuri's whistleblower reprisal individual right of action.

Mr. Nuri, in his briefing, does not challenge any of these factual findings. He does not, for example, argue or provide any evidence that his Equal Employment Opportunity complaint, his unfair labor practice complaint, his class-action lawsuit, or his grievance sought to remedy a whistleblower reprisal. Similarly, Mr. Nuri does not provide any evidence that the matters he reported to the Office of Inspector General contributed in any way to his removal. Further, because Mr. Nuri did not provide a copy of his 2015 Office of Inspector General complaint to the Board or to this court, we cannot determine if the complaint was a contributing factor in the Army's decision to not renew Mr. Nuri's appointment. Further, as the Board noted, Mr. Nuri fails to challenge the administrative judge's finding that it is likely that Mr. Nuri's 2008 disclosure was too remote in time to have impacted his removal in 2015. Resp't's App. 27. Accordingly, none of Mr. Nuri's disclosures could have formed the basis for his whistleblower reprisal individual right of action.

In sum, the Board properly concluded that the MSPB lacked jurisdiction over Mr. Nuri's case. Accordingly, the decision of the MSPB is affirmed.

**AFFIRMED**

COSTS

The parties shall bear their own costs.