NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BILLY WINFIELD,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2024-2347

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-22-0615-W-1.

---

Decided:  August 27, 2025

---

BILLY WINFIELD, Chesapeake, VA, pro se.

AN HOANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before TARANTO, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

Billy Winfield appeals the Merit Systems Protection Board's final decision denying his petition for review and affirming the administrative judge's initial decision, which denied Mr. Winfield's request for corrective action under the Whistleblower Protection Act and Whistleblower Protection Enhancement Act. Because the Board's decision was in accordance with the law and supported by substantial evidence, we affirm.

I

Mr. Winfield was employed by the United States Department of the Navy beginning in 2017 as a Physical Science Technician (PST) at the agency's Norfolk Naval Shipyard's Radiological Control Department in the Radiation Health Division. S.A. 16–17.[1] Mr. Winfield previously served as a Radiation Control Technician (RCT) in a different division of the Radiological Control Department. S.A. 16. Mr. Winfield's RCT position was classified to allow for promotional potential (commonly referred to as a "known promotional potential," or KPP) up to pay grade GS-10. S.A. 17. Mr. Winfield's subsequent PST position only had a KPP up to GS-9. S.A. 17. At the time of transfer, Mr. Winfield was aware of the KPP decrease but hoped the transfer would allow him to obtain a position in the Radiation Health Division as a Health Physicist (HP), which had a KPP above GS-10. S.A. 17–18.

In 2018, Mr. Winfield applied for an HP position. S.A. 18. The agency's Office of Civilian Human Resources (OCHR) determined that Mr. Winfield did not meet the educational requirements for the position. S.A. 18. In 2019, Mr. Winfield applied again for an HP position, though he knew he lacked the sufficient time in grade to qualify for that particular position; he was denied. S.A. 22. In May

---

[1]    "S.A." refers to the supplemental appendix submitted with the Respondent's informal brief.

2020, Mr. Winfield applied for two HP positions. S.A. 23. Again, OCHR concluded that he did not meet the educational requirements. S.A. 24. Around September 2020, Mr. Winfield applied for another set of HP positions, at which point OCHR determined that Mr. Winfield did meet the position's educational requirements. S.A. 24; *see* S.A. 25. Although Mr. Winfield was "one of eight candidates deemed eligible for th[e] position and referred to management for consideration," he was not one of the three candidates selected by a recommendation panel appointed by the Deputy Division Director. S.A. 25. Finally, Mr. Winfield applied for two additional HP positions in 2021. S.A. 26. Again, Mr. Winfield was deemed eligible and referred to management for consideration but was not one of the two candidates selected, this time by a different recommendation panel appointed by the Deputy Division Director. S.A. 26–27.

In April 2022, Mr. Winfield filed a whistleblower complaint with the Office of Special Counsel (OSC) under the Whistleblower Protection Act (WPA). S.A. 28. The complaint alleged that the agency unfairly denied him multiple promotion opportunities, manipulated the hiring process to prevent him from gaining a promotion, and "gave unfair advantages to other employees who were less qualified than him." S.A. 28. Mr. Winfield further alleged that "[r]acism, ageism, nepotism, [and] unfair competition is rampant in the shipyard, and that the agency retaliated against him and other employees who brought these issues to its attention." S.A. 28 (internal quotation marks omitted, alteration in original). The complaint did not identify any specific disclosures of wrongdoing to management officials at the agency, though it did allege that Mr. Winfield filed a complaint with United States Senator Mark Warner's office in 2021. S.A. 28. In addition to the loss of promotional opportunities, Mr. Winfield "alleged that he was subject to a hostile work environment and one or more performance evaluations was impacted as a result of his whistleblower

activities." S.A. 28. The OSC closed its investigation in 2022 and made no findings of whistleblower retaliation. S.A. 28–29.

Mr. Winfield filed an individual right of action (IRA) appeal with the Board in August 2022. S.A. 29. After conducting a hearing, S.A. 15, the administrative judge found that Mr. Winfield had not carried his evidentiary burden to show he made a protected disclosure or engaged in a protected whistleblower activity related to any allegations in his OSC complaint. S.A. 7–8, 43. The administrative judge thus denied Mr. Winfield's request for corrective action. S.A. 7, 43. Mr. Winfield petitioned for review of the initial decision rearguing that he reported to his chain of command the agency's unfair performance evaluations, unfair treatment, and unfair hiring practices. S.A. 7–8. The Board determined that the petition provided no basis for review and thus denied the petition. S.A. 8.

Mr. Winfield timely appealed. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Perlick v. Dep't of Veterans Affs.*, 104 F.4th 1326, 1329 (Fed. Cir. 2024). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Lab. Rels. Bd.*, 305 U.S. 197, 229 (1938).

## III

Mr. Winfield appeals the Board's decision denying him corrective action under the WPA and the Whistleblower Protection Enhancement Act (WPEA). The WPA and WPEA prohibit an agency from taking a personnel action

against an employee in retaliation for protected whistle-blowing activity. 5 U.S.C. § 2302(b)(9). To succeed on an IRA appeal alleging a prohibited personnel practice under the WPA or WPEA, an employee must demonstrate by preponderant evidence that the employee made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the protected disclosure or activity contributed to the agency's personnel action. *See Miller v. Dep't of Just.*, 842 F.3d 1252, 1257 (Fed. Cir. 2016); 5 U.S.C. § 1221(e)(1). The agency can then rebut the employee's prima facie case by demonstrating by clear and convincing evidence that it would have taken the same personnel action absent the whistleblowing. *See Miller*, 842 F.3d at 1257; 5 U.S.C. § 1221(e)(2).

The Board determined that Mr. Winfield did not prove by preponderant evidence that he made any protected disclosures and therefore had not established a prima facie case of whistleblower reprisal. S.A. 31–33. The Board concluded that Mr. Winfield "failed to proffer any credible record evidence that he complained about [the agency's] determination [that he was not qualified for the positions he applied for] at that point in time, let alone alleged that [the agency's non-promotion] determination was evidence of a violation of law, rule or regulation, an abuse of authority, gross mismanagement, or any other categories of wrongdoing listed in [] § 2302(b)(8)." S.A. 33.

First, Mr. Winfield asserted that he made protected disclosures when he complained about a co-worker inappropriately receiving a promotion. S.A. 31–32. But the administrative judge found no credible evidence that Mr. Winfield made such a complaint, and even if he had, the administrative judge found no basis for his whistleblowing allegation. S.A. 32. Second, Mr. Winfield contended that he made protected disclosures when he complained about OCHR's determination that he did not meet the educational requirements for an HP position. SA

32–33. But the administrative judge found that Mr. Winfield proffered neither credible evidence of such a complaint, nor any allegations of agency wrongdoing that fell into any of the categories of wrongdoing listed under § 2302(b)(8). S.A. 33. Third, Mr. Winfield asserted that he made protected disclosures related to concerns about his performance evaluation. S.A. 33. Yet, the administrative judge found no such assertion in Mr. Winfield's OSC complaint and concluded that, because Mr. Winfield failed to exhaust administrative remedies with respect to any such disclosures, the Board lacked jurisdiction to address the issue. S.A. 34. Fourth, Mr. Winfield contended that he made protected disclosures related to concerns about the Division's hiring practices, his working conditions, and his lack of promotional opportunities. S.A. 33–41. But the administrative judge found no credible evidence of disclosures related to these allegations, and in any case, disagreed that the allegations evidenced any categories of wrongdoing under § 2302(b)(8). S.A. 33–41. Finally, Mr. Winfield asserted he made a protected disclosure by filing a complaint with Senator Warner's office in 2021. S.A. 43. While a disclosure to Congress can be protected under § 2302(b)(8)(C), the administrative judge found neither evidence regarding the content of such a disclosure nor any explanation as to why it would have been protected. S.A. 43. The administrative judge therefore found no wrongdoing related to Mr. Winfield's complaint to Congress. S.A. 43.

On appeal, Mr. Winfield primarily reasserts his argument that the agency unfairly denied him a promotion. Petitioner's Informal Br. 3. Mr. Winfield cannot challenge the agency's non-promotion decisions under the WPA without a sufficient whistleblower disclosure, which the Board determined he had not made. *See* S.A. 32. Mr. Winfield does not challenge on appeal the determination that he did not make a protected disclosure. *See* Petitioner's Informal Br. 3. Even so, the administrative judge carefully considered the facts, including the unrefuted testimony of

Mr. Winfield's supervisors and hiring officials, *see* S.A. 41–43, and we see no error in these evidentiary and credibility determinations. We conclude that substantial evidence supports the Board's finding that Mr. Winfield did not make a protected disclosure.

To the extent that Mr. Winfield attempts to challenge the non-promotion decision separately from his whistleblower claims, that is not an appealable adverse action under 5 U.S.C. § 7512 that would provide Mr. Winfield with an independent basis for Board jurisdiction. *See Reddick v. F.D.I.C.*, 809 F.3d 1253, 1256 (Fed. Cir. 2016) ("[I]ndependent administrative and judicial review is only available for major adverse actions as defined in 5 U.S.C. § 7512, first to the Merit Systems Protection Board and subsequently to this court."). Because the administrative judge determined that Mr. Winfield had not made a protected disclosure, the administrative judge did not err in declining to make factual findings with respect to Mr. Winfield's qualifications or conduct resume comparisons.

## IV

We have considered Mr. Winfield's remaining arguments and find them unpersuasive. Because we do not find reversible error in the Board's decision, and because that decision is supported by substantial evidence, we affirm the Board's decision.

## AFFIRMED

### COSTS

No costs.