**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JESSICA MARIE MANFRE, | DOCKET NUMBER |
| Appellant, | DC-1221-25-0920-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: June 3, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jessica Marie Manfre</u>, Camden, North Carolina, pro se.

<u>Diane Tardiff</u>, Bedford, Massachusetts, for the agency.

<u>Raminder Madan</u>, Esquire, Winston-Salem, North Carolina, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of the recission of a job offer for lack of jurisdiction. On review, the appellant argues that the agency's recission of her job offer was based on her personal views, constituting an appealable adverse suitability action.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's suitability action arguments made for the first time on review, we AFFIRM the initial decision.

For the first time on review, the appellant argues that the agency's determination that she no longer met the conditions of employment based on her personal views was effectively a suitability determination, and, as such, the rescission of the job offer is an appealable suitability action. Petition for Review (PFR) File, Tab 1 at 5. She has submitted evidence on review supporting her new claim. *Id.* at 7-20. The appellant did not make this argument nor submit this evidence below, but we have considered it to the extent that it informs the question of the Board's jurisdiction over her appeal. *DeGrella v. Department of the Air Force,* 2022 MSPB 44, ¶ 16 n.5 (finding that it is appropriate to consider new arguments relevant to jurisdiction on review because the issue of the Board's jurisdiction may be raised at any time); *Pirkkala v. Department of Justice,* 123 M.S.P.R. 288, ¶ 5 (2016) (reaching the same conclusion regarding new evidence submitted for the first time on review).

The administrative judge found that the appellant did not allege that she was ineligible to apply and interview for other positions within the agency, and that her nonselection for this specific position did not constitute a suitability action. Initial Appeal File, Tab 10, Initial Decision at 4. We agree with the administrative judge.

While the Board generally does not have jurisdiction to consider an agency's failure to select an applicant for a position, one exception to that rule is when that nonselection is the result of a suitability determination made by the Office of Personnel Management (OPM) or by an agency operating under delegated authority from OPM regarding the appellant's employment in a covered position. *Ricci v. Merit Systems Protection Board*, 953 F.3d 753, 756-57 (Fed. Cir. 2020); 5 C.F.R. § 731.501(a). However, not all suitability determinations give rise to an appealable "suitability action" under 5 C.F.R. § 751.501(a). *Ricci*, 953 F.3d at 757; *Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009). A suitability action is a (1) cancellation of eligibility, (2) removal, (3) cancellation of reinstatement eligibility, or (4) debarment. *See Kazan*, 112 M.S.P.R. 390, ¶ 6; 5 C.F.R. § 731.101(a).

Here, the appellant has not provided argument or evidence that the recission of the agency's tentative job offer was the result of a broader cancellation of eligibility for Federal employment, or another category of suitability action named by 5 C.F.R. § 731.101(a). Rather, she argues that because the agency rescinded its job offer based on a "character-based assessment, rather than a neutral procedural decision" the Board has jurisdiction. We disagree.

The denial of an appointment or nonselection for a specific position is not a suitability action. *Ricci*, 953 F.3d at 757 (finding that although an agency determined that an applicant was unsuitable for a criminal investigator position due to past misconduct, the agency's "decision to rescind its tentative offer of employment for that position was not a 'suitability action' that could be appealed

to the [B]oard"); *Kazan*, 112 M.S.P.R. 390, ¶¶ 6-8 (remanding for a determination of whether an appellant suffered an appealable suitability action when the agency found him ineligible for the specific position of Aviation Enforcement Officer, as necessary to establish jurisdiction); 5 C.F.R. § 731.203(c) ("A nonselection . . . is not a suitability action."). Accordingly, we find that the appellant did not establish that the agency took a suitability action as defined in 5 C.F.R. § 731.101(a), and we affirm the administrative judge's finding that the Board lacks jurisdiction over her appeal.[2]

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

[2] To the extent that the appellant argues that the recission of her job offer was effectively a removal because she was given a start date and she had already completed preemployment onboarding steps such as fingerprinting, photo identification, and medical screening, we disagree. *Miller v. Merit Systems Protection Board*, 794 F.2d 660 (Fed. Cir. 1986) (finding that an appellant was not removed when the agency rescinded his job offer before he entered on duty); PFR File, Tab 1 at 4.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                   _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.